IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KENNETH PRITCHARD,<br><br>          Plaintiff,<br><br>v.<br><br>METROPOLITAN WASHINGTON<br>AIRPORTS AUTHORITY<br><br>          Defendant. | Civil Action No. 1:18-cv-1432-AJT-TCB |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT METROPOLITAN WASHINGTON AIRPORTS AUTHORITY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  COMES NOW Defendant Metropolitan Washington Airports Authority ("Airports Authority"), by counsel, and hereby submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's Complaint, and in support thereof, states as follows:

**I. INTRODUCTION**

  Plaintiff Kenneth Pritchard ("Pritchard"), a long-time employee of the Airports Authority, was terminated by the Airports Authority in February 2017 following an investigation into his conduct by outside counsel for the Airports Authority. *See* Complaint, Doc. 1, ¶¶9, 14, 21. Pritchard, a White male, has alleged that he was discriminated against on the basis of race and sex when his employment was terminated by another White male, Anthony J. Vegliante ("Vegliante"). *See* Doc. 1, ¶ 6, 13 – 14, 38. Further, Pritchard alleges that the Airports Authority retaliated against him for opposing unlawful discrimination against others at the Airports Authority, and that he was subjected to a hostile working environment for opposing this discrimination. *Id.* at ¶¶ 30 – 32, 50 – 51.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint must set forth "a claim for relief that is plausible on its face." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

This standard was well summarized by Judge Lee in his opinion in *Stevens v. Holder*, 966 F. Supp. 2d. 622, 629 (E.D. Va. 2013). In that opinion, Judge Lee noted that,

> A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008). In addition to the complaint, the Court also examines "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)).

*Stevens*, 966 F. Supp. 2d. at 629 (some citations omitted for brevity).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may properly take judicial notice of matters of public record. *See Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) citing

*Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986). The Court may consider documents attached to the complaint, "as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." See *Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006).

### III.   ARGUMENT

**A. Count I (Retaliation – Termination) of the Complaint must be dismissed for failure to state a claim upon which relief can be granted because the protected activity which allegedly supports Pritchard's claim of retaliation is too remote in time from his termination to be causally connected.**

Count I of Pritchard's Complaint alleges that he was terminated in retaliation for "providing information…concerning a complaint of race and sex discrimination filed by Andrea Bickley," and also for his complaints of alleged EEO violations by Defendant "in each of the years 2010 through 2016." See Doc. 1, ¶¶ 31 – 32.  However, Pritchard cannot establish a *prima facie* case of retaliation here because none of this protected activity occurred close enough in time to support Pritchard's retaliation claim.

To establish a *prima facie* case of retaliatory discharge, a plaintiff must show: (1) that he engaged in protected activity; (2) that the employer took some adverse employment action against the plaintiff, and; (3) that a causal connection exists between the protected activity and the adverse employment action.  See *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016).  The "causal connection" between the protected activity and the adverse employment action may exist where the employer has taken the adverse employment action "shortly after learning of the protected activity." *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d  646, 656 (4th Cir. 2017) (holding that eight to nine month gap between knowledge of protected activity and adverse employment action is too remote to prove a causal connection);

*see also* Clark Cty. Sch. Dist. V. Breeden, 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close."); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998) (thirteen month gap between protected activity and termination is too long to establish causal connection between the two); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) ("A lengthy time lapse [3 years] between the employer becoming aware of the protected activity and the alleged adverse employment action…negates any inference that a causal connection exists between the two."); Conner v. Schnuck Mkts., Inc., 121 F.3d 1390, 1395 (10th Cir. 1997) (four month lag between protected activity and termination not sufficient to justify an inference of causation).

In the present case, Pritchard alleges that he was terminated in February 2017 in retaliation for "providing information" regarding a discrimination claim made by Airports Authority employee Andrea Bickley. But Andrea Bickley filed her Charge of Discrimination with the EEOC on *November 7, 2011*. *See* Bickley Charge of Discrimination, attached hereto as Exhibit 1. Although it is not presently known exactly when Pritchard is alleging he provided information regarding Andrea Bickley's claim, it was clearly in or around November 2011, when she filed her charge with the EEOC. Given Fourth Circuit jurisprudence, a gap of over five (5) years between the alleged protected activity and the adverse employment action is too long for any causal connection to exist between the two. As such, Pritchard's alleged involvement in the Andrea Bickley matter cannot satisfy the third element of a *prima facie* case of retaliation claim, and his claim of retaliation under Count I of the Complaint based on this protected activity cannot be maintained.

Pritchard also claims that the protected activity in which he engaged in the years 2010 through 2016, some of which he details in his Complaint, also supports his claim of retaliation in this case.  *See* Doc. 1, ¶¶ 23 – 25, 32.  But again, alleged protected activity that occurred months, if not years, prior to the adverse employment action – in this case Pritchard's termination in February 2017 – cannot be used to support a causal connection for retaliation purposes.  Even the most recent protected activity Pritchard alleges, which occurred in November 2016, took place four months prior to his termination, and as such, is too remote in time to support his claim.  Therefore, Count I of the Complaint should be dismissed.

Arguing in the alternative, and should this Court find that some of the alleged protected activity is close enough in time to support Pritchard's claim of retaliation in this case, this Court should strike those paragraphs from the Complaint that reference untimely activity, and should not permit Pritchard to introduce evidence of such stricken allegations at trial.

**B. Count II (Race and Sex Discrimination - Termination) of the Complaint must be dismissed for failure to state a claim upon which relief can be granted because the allegations made in Count II are merely speculative, are not plausible, and Pritchard cannot establish a *prima facie* case of discriminatory discharge under Title VII.**

**1. The allegations made to support Pritchard's claim under Count II are merely speculative, are not plausible, and thus insufficient as a matter of law.**

Pritchard alleges in Count II of his complaint that he was discriminated against on the basis of race and sex.  *See* Doc. 1, ¶ 38.  To support his allegation of discriminatory discharge based on race and sex, Pritchard cites to a supposed comparator, an African-American female – Deborah Lockhart ("Lockhart") – and alleges that her misconduct was overlooked by the Airports Authority while his resulted in termination.  *Id.* at ¶¶ 40 – 48.  Of course, Pritchard does not identify the misconduct of which he was accused in his Complaint, so whether Lockhart is a

true comparator cannot be determined. Indeed, without this information, Pritchard's claims under Count II are merely speculative.

To proceed beyond a motion to dismiss, a claim of race discrimination cannot be speculative and must be plausible on its face. As the Fourth Circuit held in *Coleman v. Maryland Court of Appeals*,

> Here, although Coleman's complaint conclusorily alleges that Coleman was terminated based on his race, it does not assert facts establishing the plausibility of that allegation. The complaint alleges that Jones and Broccolina began their campaign against Coleman in retaliation for his investigation of Jones's conflict with Shue. The complaint further alleges that Coleman "was treated differently as a result of his race than whites" and specifically identifies Broccolina as a white person who was not disciplined despite having "outside business involvements." However, the complaint fails to establish a plausible basis for believing Broccolina and Coleman were actually similarly situated or that race was the true basis for Coleman's termination. The complaint does not even allege that Broccolina's "outside business involvements" were improper, let alone that any impropriety was comparable to the acts Coleman was alleged to have committed. Absent such support, the complaint's allegations of race discrimination do not rise above speculation. Thus, the district court correctly concluded that the complaint failed to state a Title VII race discrimination claim. *See Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

*Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190–91 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). Moreover, a plaintiff alleging liability on the basis of a comparator must show that he is similarly situated with respect to performance, qualifications and conduct and that the same decision maker made the disparate employment decisions involving him and the alleged comparator. *See Holtz v. Jefferson Smurfit Corp.*, 408 F. Supp. 2d 193, 206 (M.D.N.C. 2006), aff'd, 242 F. App'x 75 (4th Cir. 2007) ("Thus, to be deemed 'similarly-situated[,]' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards[,] and have engaged in the same conduct

6

without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."). Despite this requirement, Pritchard's Complaint does not allege facts that show he and Lockhart were similarly situated with respect to performance, qualifications or conduct, or set forth facts that demonstrate Vegliante presided over both his termination and the decision not to terminate Lockhart for her alleged misconduct. Indeed, all Pritchard alleges is the conclusory statement that he and Lockhart were "peers." See Doc. 1, ¶ 40. This is insufficient to raise Pritchard's Complaint above the merely speculative to a plausible claim of race and sex discrimination and, as such, Count II should be dismissed.

### 2. Pritchard's Complaint fails to establish a *prima facie* case of discriminatory discharge under Title VII.

Regardless of Pritchard's speculation regarding race and sex discrimination, even were the allegations under Count II of the Complaint sufficiently plausible, Pritchard cannot establish a *prima facie* case of discriminatory discharge under Title VII. To establish a *prima facie* case of discriminatory discharge (under either race or sex), a plaintiff must show that: (1) he is a member of a protected class; (2) that he suffered from an adverse employment action; (3) that he was performing at a level that met his employer's legitimate expectations; and (4) that the position was filled by a similarly qualified applicant outside the protected class. See Guessous, 828 F.3d at 219. Here, Pritchard cannot establish that he is a member of a protected class, and thus his claim must fail.[1]

---

[1] Pritchard also cannot establish that he was performing at a level that met his employer's legitimate expectations or that his position was filled by a similarly qualified applicant outside of the "protected class," but the Airports Authority recognizes that the presentation of evidence would be necessary to prove Pritchard's failure to meet those two elements of a *prima facie* case, and as such will reserve its right to raise these arguments on summary judgment or at trial should this Court permit Count II to proceed beyond this Motion to Dismiss.

Pritchard, as noted in his Complaint, is a White male. <u>See</u> Doc. 1, ¶¶ 6, 42. The Vice President that terminated Pritchard's employment, Vegliante, is also a White male, as is the CEO of the Airports Authority, John Potter.[2] As this Court has noted,

> In a reverse discrimination case, this Court has imposed a higher standard of proof because it is "the unusual employer who discriminates against the majority." <u>Adams v. High Purity Sys. Inc.</u>, No. 1:09CV354, 2009 WL 2391939, at *5 (E.D. Va. July 2, 2009), aff'd, 382 Fed.Appx. 269 (4th Cir. 2010). The Fourth Circuit has not expressly adopted this higher burden although it has imposed a higher standard for reverse discrimination claims on other grounds. <u>See</u> <u>Lucas v. Dole</u>, 835 F.2d 532, 533–34 (4th Cir. 1987); <u>see also</u> <u>Mastro v. Potomac Elec. Power Co.</u>, 447 F.3d 843, 851 (D.C. Cir. 2006) (noting that several circuit courts impose a higher burden of proof on plaintiffs arguing reverse discrimination).

<u>Callahan v. Prince William Cty. Pub. Sch.</u>, No. 1:16-CV-00167, 2016 U.S. Dist. LEXIS 168052 at *3 (E.D. Va. Dec. 5, 2016). The allegation that a White supervisor failed to address the behavior of a single African-American employee has been found by this Court to be insufficient to show that the employer is "the unusual employer who discriminates against the majority." <u>Adams v. High Purity Sys. Inc.</u>, No. 1:09CV354 (GBL), 2009 WL 2391939, at *1 (E.D. Va. July 2, 2009), aff'd, 382 F. App'x 269 (4th Cir. 2010).

Just as in <u>Callahan</u> and <u>Adams</u>, here Pritchard complains that he was discriminated against by a supervisor of the same race and sex as he, because of that race and sex. To support that contention, he cites to one alleged comparator, Lockhart. As this Court has held, the higher standard that should be applied to plaintiffs' alleging reverse discrimination requires more than passing reference to one alleged comparator. Pritchard has simply not alleged with sufficiency

---

[2] Pritchard does not appear to identify the race/sex of Vegliante or CEO John Potter in the Complaint. But Pritchard's failure to mention these important facts, facts which he could not possibly dispute, should not operate to deprive the Airports Authority of the relief requested herein.

8

that the Airports Authority discriminates against the majority (White males), and as such, he cannot demonstrate that he is a member of a protected class for purposes of this case. Therefore, Pritchard cannot make a *prima facie* case of discriminatory discharge under Title VII, and his claims under Count II of the Complaint should be dismissed.

### C. Count III (Retaliation – Hostile Work Environment) of the Complaint must be dismissed for failure to state a claim upon which relief can be granted because Pritchard cannot establish a *prima facie* case.

Count III of the Complaint alleges that Pritchard was subjected to a hostile work environment "due to Plaintiff's protected EEO activity," and that by retaliating against Pritchard, the Airports Authority "created a hostile work environment for Plaintiff." Doc. 1, ¶¶ 51, 53. Notably, Pritchard does not allege that he was subjected to a hostile work environment based on race or sex, or any other protected characteristic.

To prevail on a hostile work environment claim, Pritchard must show that there is: "(1) unwelcome conduct; (2) that is based on the plaintiff's [protected characteristic]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Guessous*, 828 F.3d at 221. A plaintiff must prove that he would not have been harassed but-for his protected characteristic. *Callahan*, 2016 U.S. Dist. LEXIS 168052 at *12 citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 241-42 (4th Cir. 2000) (holding that harassment is based on a protected characteristic if, "but for" the employee's protected characteristic, he or she would not have been the victim of the harassment). This Court has noted that, "Title VII only prevents unwelcome conduct stemming from a protected characteristic; it is not a general civility code." *Callahan*, 2016 U.S. Dist. LEXIS 168052 at *12 – 13 citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

Here, Pritchard cannot satisfy the second element necessary to prove a hostile work environment claim – that he was subjected to the unwelcome conduct, or harassment, based on a protected characteristic, such as race or sex. Indeed, Pritchard does not even allege that any such protected characteristic was the basis for the hostile work environment. Instead, he merely alleges a series of stale discrete acts allegedly taken in retaliation for his supposed EEO activity in support of others. *See* Doc. 1, ¶¶ 26 – 27. At best, these allegations would support Pritchard's retaliation claim under Count I (although as argued above, the Airports Authority disputes that retaliation is actionable), but they do not support a claim for hostile work environment because complaining about alleged EEO violations against others is not a "protected characteristic."[3] As such, Count III of the Complaint must be dismissed.

## IV. CONCLUSION

Pritchard has failed to state a claim upon which relief can be granted under any of the three counts set forth in his Complaint. His claim of retaliation under Title VII should be dismissed because the alleged protected activity was too remote in time from his termination to be actionable. His claim of race and sex discrimination under Title VII should be dismissed because his allegations are speculative and implausible, and he further fails to establish a *prima facie* case of discriminatory discharge. Lastly, his claim of hostile work environment should be dismissed because it is not based on any protected characteristic, and essentially relies upon allegations of discrete acts which amount to retaliation. For all the foregoing reasons, the

---

[3] The Airports Authority further disputes that Pritchard can establish the third requirement to prove a hostile work environment claim, that the alleged conduct creating the hostile work environment was sufficiently severe or pervasive to alter Pritchard's conditions of employment and to create an abusive work environment, and reserves the right to contest this proof either in a motion for summary judgment or at trial should this claim be permitted to proceed.

Airports Authority's Motion to Dismiss should be granted.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

Joseph W. Santini, Esq., Va. Bar # 47377
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com

*Attorney for Defendant Metropolitan Washington Airports Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 1st day of March 2019, I sent the above Memorandum of Points and Authorities in Support of Motion to Dismiss via the Court's electronic case filing system to:

> James M. Eisenmann, Esq.
> Nina Y. Ren, Esq.
> KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
> 818 Connecticut Ave., NW, Suite 1000
> Washington, D.C. 20006

/s/ Joseph W. Santini

Joseph W. Santini