**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| KENNETH PRITCHARD,<br><br>                                  Plaintiff,<br><br>v.<br><br>METROPOLITAN WASHINGTON<br>AIRPORTS AUTHORITY<br><br>                                  Defendant. | Civil Action No. 1:18-cv-1432-AJT-TCB |

<u>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT METROPOLITAN**
**WASHINGTON AIRPORTS AUTHORITY'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

COMES NOW Defendant Metropolitan Washington Airports Authority ("Airports

Authority"), by counsel, and hereby submits this Reply to Plaintiff Kenneth Pritchard's

("Pritchard") Opposition to its Motion to Dismiss Plaintiff's Complaint, and in support thereof,

states as follows:

**A.  Pritchard has failed to state a claim for retaliation under Title VII upon which**
**relief can be granted (Count I of the Complaint).**

Pritchard argues in Opposition that the Airports Authority's Motion to Dismiss Count I of

the Complaint focuses too strongly on Pritchard's participation in Andrea Bickley's Charge of

Discrimination.  <u>See</u> Opposition, Doc. 13, p. 4.  Presumably, Pritchard thought his involvement

in such Charge evidenced retaliation or he would not have singled the allegation out in Count I

of his Complaint.  In any event, as has been shown in the Airports Authority's Motion, this

Charge of Discrimination was filed in 2011, and thus cannot be the basis for a retaliation claim

related to Pritchard's termination in February 2017.  Pritchard does not seem to argue this point,

and instead pivots to the remaining allegations contained within paragraphs 22 through 25 of his

Complaint to support his retaliation claim. _See_ Opposition, Doc. 13, pp. 4 – 5.

However, the allegations contained within paragraphs 22 through 25 of the Complaint do not uniformly support Pritchard's claim of retaliatory discharge. First, in paragraph 22 of the Complaint, Pritchard alleges that he reported his belief that the investigation being conducted of his conduct was itself discriminatory and retaliatory to the Airports Authority's outside investigator. But the Supreme Court has recognized that an employer can proceed along "lines previously contemplated, though not yet definitively determined" without subjecting itself to a retaliatory discharge claim. _See_ _Clark Cty. Sch. Dist. v. Breeden_, 532 U.S. 268, 272 (2001).

In _Breeden_, the Supreme Court analyzed whether an employer that contemplated a transfer of an employee prior to learning of the employees' Title VII lawsuit, and then proceeded with that transfer after learning of the suit, could have retaliated against the complaining employee. _Id_ at 271-72. Holding that the employer did not retaliate against the complaining employee when it transferred her, the Court noted that,

> [e]mployers need not suspend previously planned transfers upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not yet definitely determined, is no evidence whatever of causality.

_Id._ at 272.

In the present case, it should not take the presentation of evidence, nor should discovery be needed, to demonstrate that the Airports Authority at least contemplated disciplining Pritchard when it put him on administrative leave and retained outside counsel to investigate the complaints made against him. _See_ Complaint, Doc. 1, ¶ 21. Thus, Pritchard's alleged complaint during the investigation that he believed it was being done to discriminate and retaliate against him does not support causality between his eventual termination and the alleged protected activity of making such a complaint to the outside investigator. Put simply, the allegation in

paragraph 22 of the Complaint cannot support Pritchard's retaliation claim in this case.

As for the remaining allegations contained within paragraphs 23 through 25, at best, only those allegations that took place in late 2016 could potentially be causally related to Pritchard's claim of retaliatory discharge.  Nevertheless, even some of those allegations cannot support a claim of retaliatory discharge under Title VII.  _See_ Complaint, Doc. 1, ¶ 23.  For instance, in paragraph 23(f), Pritchard alleges that in October 2016 he complained to a member of the Airports Authority's board of directors that the Airports Authority was violating federal grant and contract requirements.  _See Id._ at 23(f).  But complaining of federal grant and contract requirement violations has nothing to do with protected activity under Title VII (nor are any members of the board of directors' decision makers when it comes to Pritchard's employment).  As such, this allegation cannot support a claim for retaliatory discharge.  The allegations contained within paragraphs 24 and 25 deal with even older alleged protected activity, dating back to 2010.

Pritchard's Opposition further argues that he can overcome a lack of temporal proximity if there is evidence of a "pattern of antagonism."  _See_ Opposition, Doc. 13, p. 5.  However, the Complaint does not allege any plausible evidence of such a pattern.  Paragraphs 22 through 25 of the Complaint do not allege that Pritchard was subjected to any "antagonistic" actions in response to the alleged protected activity contained therein.  Indeed, the sheer number of Pritchard's alleged protected activities speaks against his retaliation claim in this case.  By the allegations in the Complaint, the Airports Authority essentially "tolerated" Pritchard's complaints regarding its supposed violations of Title VII for almost seven (7) years without taking the alleged adverse employment action, in this case termination, against him.  Yet Pritchard would have this Court believe it was this pattern of allegedly protected activity, over

six (6) plus years, that finally led to his termination, and not the allegations made against him by another employee which resulted in an investigation by outside counsel in late 2016.

Further, although Pritchard may have alleged "antagonistic" actions in paragraph 27 of the Complaint, which he offers to support his hostile work environment claim, the vast majority of these actions took place *before* the alleged protected activity set forth in paragraphs 23 and 24, and so could not be causally related to the alleged adverse employment action of termination. *See* Complaint, ¶¶ 23-24, 27.  The Fourth Circuit has held, albeit in the context of a Uniformed Services Employment and Reemployment Rights Act (USERRA) case but with a rationale equally applicable to Title VII, that where temporal proximity is allegedly the basis for a retaliation claim, gradual adverse employment actions that take place *before* the protected activity do not give rise to an inference of retaliation.  *See* *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006).  As such, the majority of the alleged antagonistic actions set forth in paragraph 27 cannot support Pritchard's retaliation claim.

Additionally, a number of the allegations contained within the Complaint concern actions which occurred while Arl Williams was Vice President and prior to Mr. Vegliante's hiring.  *See* *Id.* at ¶¶ 27(a), (b)(i) – (v).  It begs credulity to suggest that Mr. Vegliante retaliated against Pritchard for alleged protected activity in which Pritchard participated prior to Mr. Vegliante's arrival at the Airports Authority.  Similarly, Mr. Vegliante cannot be held responsible for any alleged antagonistic actions taken by Arl Williams before his assumption of the Vice President position.  Count I of Pritchard's Complaint has failed to state a claim upon which relief can be granted.

4

**B.  Pritchard has failed to state a claim of race and sex discrimination upon which relief can be granted under Title VII (Count II of the Complaint).**

**1.  Pritchard has not alleged sufficient comparator evidence to render his claim plausible.**

In response to the Motion to Dismiss Count II of the Complaint, Pritchard argues that his allegations of comparator evidence set forth in the Complaint are sufficiently pled, and that he has other evidence of race and sex discrimination.  _See_ Opposition, Doc. 13, p. 6.  Of course, Pritchard's Opposition fails to identify this "other evidence" that he was subject to discrimination because he is a White male, nor is that evidence made clear anywhere in the Complaint.  Indeed, by the plain language of the Complaint, it seems clear that Pritchard intends to rely upon comparator evidence to support his claim of race and sex discrimination, and he specifically cites to one alleged comparator, Deborah Lockhart, to support this cause of action. _See_ Complaint, Doc. 1, ¶¶ 39 – 46.

Although comparator evidence is not technically required to support a Title VII claim of discrimination, where a claim of discrimination is to be based upon circumstantial evidence and will rely upon comparator evidence, the comparators must be sufficiently similar as to render such comparator evidence relevant and credible.  Here, Pritchard's Complaint makes only a bare recitation of the conduct of which he was accused that then led to his administrative suspension and eventual termination, and fails to recognize the difference in severity between the conduct of which he was accused and the conduct of which he now accuses Lockhart.  _See_ Complaint, Doc. 1, ¶ 27 (h)(vi).  Without more specific identification of such conduct, his claim that Deborah Lockhart is a comparator is merely speculative.  _See Coleman v. Maryland Court of Appeals_, 626 F.3d 187, 190–91 (4th Cir. 2010), aff'd sub nom. _Coleman v. Court of Appeals of Maryland_, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012) (holding that where Complaint does not

identify alleged impropriety by the plaintiff, alleged comparator evidence is merely speculative and insufficient to survive motion to dismiss).

In the Fourth Circuit, to be similarly situated, a plaintiff and a comparator must be "similar in all relevant respects." _Haywood v. Locke_, 387 Fed.Appx. 355, 359 (4th Cir. 2010). The plaintiff and the alleged comparator must "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." _Id_. quoting _Mitchell v. Toledo Hosp._, 964 F.2d 577, 583 (6th Cir.1992).  But Pritchard points to none of this in his Complaint, except in the barest and most conclusory fashion.  _See_ Complaint, Doc. 1, ¶¶ 45 – 46.  Pritchard ignores some significant differences between the conduct of which he was accused and the alleged conduct of Ms. Lockhart which he claims was excused by the Airports Authority.  Importantly, Pritchard's conduct was the subject of a complaint which led to an administrative suspension and investigation, whereas there is no allegation that Lockhart's supposed conduct was ever the subject of a complaint which led to an investigation.  _See_ Complaint, Doc. 1, ¶¶ 13, 21, 39 – 46.  To be sure, Pritchard does not allege that anyone complained to Mr. Vegliante about Lockhart's alleged conduct at all.  _Id._  And despite the numerous complaints that Pritchard alleges he made to Mr. Vegliante over the years, the Complaint does not allege that Pritchard made any complaints about Lockhart's conduct to Mr. Vegliante or to anyone else.  _Id._ at ¶¶ 23 – 24.

To further support his argument that comparators do not need to be "identical," Pritchard cites to the Supreme Court's decision in _Sprint v. Mendelsohn_, 552 U.S. 379, 380-82 (2008).  But that case dealt with a district and appellate court's rulings regarding the admissibility of "me too" evidence by other employees that Sprint discriminated _against_ as well, not with alleged

comparator evidence.  *Id.* at 381.  And in any event, the Supreme Court did not opine on the admissibility of that evidence.  It merely overturned the Tenth Circuit's decision that the District Court erred by applying a *per se* rule regarding the admissibility of the proffered evidence, and instructed the District Court on remand to determine whether such evidence would be relevant and whether it would be more prejudicial than probative.  *Id.* at 383 – 86.  As such, *Mendelsohn* does not support Pritchard's position here.

The remaining cases cited by Pritchard also do not support his contention that comparators need not be similarly situated as the plaintiff in order to be relevant, as has been required in the Fourth Circuit.  *See Holtz v. Jefferson Smurfit Corp.*, 408 F. Supp. 2d 193, 206 (M.D.N.C. 2006), aff'd, 242 F. App'x 75 (4th Cir. 2007) ("Thus, to be deemed 'similarly-situated[,'] the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards[,] and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.").  As cited by Pritchard, *Miller-El v. Dretke*, 545 U.S. 231 (2005) dealt with the make-up of a jury in the context of a *Batson* charge, and the remaining cases cited are from different Circuits.  Pritchard has not cited to any controlling case that contradicts the position affirmed by the Fourth Circuit in *Holtz*.  As such, Count II of the Complaint has failed to state a claim upon which relief can be granted.

### 2. Pritchard has not alleged sufficient evidence that the Airports Authority is the rare employer that discriminates against the majority thus rendering his claim plausible.

In further support of Count II of his Complaint, Pritchard's Opposition argues that he has sufficiently stated a claim for race and sex discrimination under Title VII because he is a member of a protected class.  *See* Opposition, Doc. 13, pp. 9 – 11.  Pritchard argues that the case of

*McNaught v. Virginia Cmty. Coll. Sys.,* 933 F. Supp 2d 804 (E.D. Va. 2013), decided by Judge

Cacheris, supports his argument and that Judge Hilton's opinion in *Callahan v. Prince William*

*Cty. Pub. Sch.*, No. 1:16-CV-00167, 2016 U.S. Dist. LEXIS 168052 (E.D. Va. Dec. 5, 2016)

should be ignored because it is unpublished.  While it is true that Judge Cacheris's opinion is

published and Judge Hilton's is not, such a distinction does not render Judge Cacheris's opinion

any more controlling on this Court's decision in the present case.  Neither opinion is controlling

authority; both are merely persuasive given the Fourth Circuit's failure to squarely address this

issue.  And as applied to the facts of this case, *Callahan* is more persuasive.

  First, it should be noted that Pritchard has not alleged in the Complaint that he has any

direct evidence of discrimination against him, nor that anyone has harbored any animus against

him because he is a White male.  Rather, Pritchard's case must be based on circumstantial

evidence, making the necessity of the presentation of comparator evidence that the Airports

Authority discriminates against the majority more critical.  *McNaught* dealt with a discriminatory

hiring claim based on national origin, not on race or sex, and the plaintiff in that case enjoyed

sufficient comparator evidence in support.  As such, *McNaught* is distinguishable from the

present case.  Conversely, *Callahan* dealt with a race discrimination claim and was decided more

recently than *McNaught*, which should add some small weight to its persuasive heft in this

matter.

  Pritchard also relies primarily upon a Western District of Virginia case, *Weinerth v.*

*Talley*, to support his contention that he is a member of protected class for purposes of this case.[1]

---

[1] Interestingly, despite decrying the Airports Authority's reliance on unreported decisions in the
Eastern District of Virginia to support its argument, Pritchard then turns around and relies upon
unreported decisions from the Western District of Virginia to support his argument.

*See* Opposition, Doc. 13, p. 10.  But *Weinerth* is distinguishable from the facts of this case.  In

*Weinerth*, as Pritchard points out, the Court was considering whether a plaintiff had made a

*prima facie* case of race discrimination based upon the evidence, or lack thereof, that the school

board had made employment decisions based on a race-based affirmative action plan.  *See*

*Weinerth v. Talley*, No. 4:17-cv-00067, 2018 WL 2729205 (W.D. Va. 2018).  There is no such

affirmative action plan alleged here.

As was true in a case relied upon by Pritchard, *Aziz v. Alcolac, Inc.*, 658 F.3d 388 (4th

Cir. 2011), the allegations regarding the comparator, Ms. Lockhart, are completely

unsubstantiated and vague on substance such as dates, and cannot rise above the speculative

level as is necessary to nudge the claims from conceivable to plausible.  Pritchard's allegations

regarding Lockhart are untethered to any supporting facts, constitute legal conclusions that are

not binding upon the Court and are not "entitled to the assumption of truth." *Id.* at 401.  Since

Pritchard has not alleged facts sufficient to make a plausible claim that his is the rare case where

he, a member of the majority, was discriminated against by other White men, his claims are

insufficient to proceed beyond the Motion to Dismiss.  Count II should be dismissed.

### C. Pritchard has failed to state a claim of hostile work environment upon which relief can be granted (Count III of the Complaint).

Pritchard's Opposition appears to argue that his Complaint states a claim for hostile work

environment because a hostile work environment claim based on retaliation is separately

actionable from a retaliation claim under Title VII.  *See* Opposition, Doc. 13, p. 11.  But the

cases cited by Pritchard to support this argument do no such thing.

First, *DeMasters v. Carilion Clinic*, 796 F.3d 409 (4th Cir. 2015), dealt with a terminated

employee's claim of retaliation under Title VII's Opposition clause; not with a hostile work

environment claim.  In _DeMasters_, the plaintiff had reported the sexual harassment of another

employee by that employee's manager to his superiors and HR over a period of several weeks.

_Id_. at 414-15.  After the sexually harassed employee filed suit and that case settled, DeMasters

was terminated for not allegedly "supporting management" during the course of the complaints

by the harassed employee.  _Id._  In holding that DeMasters had satisfied the requirements for a

_prima facie_ case of _retaliation_ under Title VII's Opposition clause, the Fourth Circuit noted that

DeMasters' involvement in the complaints by the harassed employee was protected, and that the

adverse employment action (termination) was causally related to DeMasters' protected activity

because he was told two days before his firing about his employer's displeasure with his actions.

_Id._ at 418 – 21.  Even had that case dealt with a claim by DeMasters that he was subjected to a

hostile work environment, it would not stand for the proposition that a plaintiff may maintain

both retaliation claims and "retaliatory hostile work environment" claims in the same lawsuit.

The case of _Burke v. Mattis_, 315 F. Supp. 3d 907 (E.D. Va. 2018) dealt with the issue of

an attorneys' fee award after a successful Title VII case.  Aside from merely mentioning the

words "retaliatory hostile work environment," in the opening paragraph, the opinion does not

discuss the facts of the underlying case, the actual claims raised, nor the elements necessary to

prove the claim(s) at issue in that case.  _Id._ at 911.  The Court in _Burke_ did not state that a

plaintiff could maintain simultaneously both a retaliation and a "retaliatory hostile work

environment" claim under Title VII.

Pritchard then cites to several more general retaliation cases.  The case of _Burlington N._

_& Santa Fe Ry. Co. v. White_, 548 U.S. 53 (2006), dealt with an employee's claim that she had

been retaliated against following EEO complaints she made in response to alleged discrimination

against her.  _Id._ at 57 – 59.  The Supreme Court did not analyze any separate hostile work

environment claims in that case.  Similarly, the other cases cited by Pritchard deal with retaliation claims based on a variety of alleged conduct.

Put simply, as set forth in the Motion to Dismiss, Pritchard has not sufficiently pled a claim of hostile work environment.  To the extent the allegations contained within Count III of the Complaint can be read to support a retaliation claim, they are superfluous, as Pritchard has already raised a claim for retaliation under Count I.  Pritchard has not cited to any case that suggests a plaintiff can maintain separate claims for retaliation and "retaliatory hostile work environment" in the same action.  Indeed, these claims are one in the same.  As such, Count III should be dismissed.

WHEREFORE, for the above reasons and those set forth in the Airports Authority's Motion to Dismiss, the Airports Authority respectfully requests that its Motion be granted, and that Pritchard's Complaint be dismissed.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

_____
Joseph W. Santini, Esq., Va. Bar # 47377
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com

*Attorney for Defendant Metropolitan Washington Airports Authority*

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the 2nd day of April 2019, I sent the above Reply to

Plaintiff's Opposition to Motion to Dismiss via the Court's electronic case filing system to:

> James M. Eisenmann, Esq.
> Nina Y. Ren, Esq.
> KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
> 818 Connecticut Ave., NW, Suite 1000
> Washington, D.C. 20006

> /s/ Joseph W. Santini
> _____
> Joseph W. Santini