IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KENNETH PRITCHARD,<br><br>                              Plaintiff,<br><br>v.<br><br>METROPOLITAN WASHINGTON<br>AIRPORTS AUTHORITY<br><br>                              Defendant. | Civil Action No. 1:18-cv-1432-AJT-TCB |

## JOINT DISCOVERY PLAN

COME NOW, the Parties, Kenneth Pritchard and the Metropolitan Washington Airports Authority, pursuant to Fed. R. Civ. P. 26(f), and having conferred on April 5, 2019, submit the following proposed Joint Discovery Plan for use in the above-styled case.

1. Rule 26(a)(1) Disclosures:

The Parties shall make their respective Rule 26(a)(1) Disclosures no later than May 1, 2019.

2. Rule 26(a)(2) Expert Witness Disclosures:

The Parties have agreed to request the following deadlines to disclose expert witnesses under Rule 26(a)(2):

   a. Plaintiff's Rule 26(a)(2) expert disclosures shall be made no later than June 14, 2019;

   b. Defendant's Rule 26(a)(2) expert disclosures shall be made no later than July 17, 2019;

   c. Plaintiff's rebuttal or contradictory expert disclosures, if any, shall be made no later than July 29, 2019.

The Parties agree that any written communications between their counsel and their expert witnesses, to the extent not relied upon by the expert in formulating his/her opinions in the case, shall not be discoverable by other parties to the case.

3.  Rule 26(a)(3) Disclosures:

The Parties' Disclosures under Rule 26(a)(3) shall be made no later than August 22, 2019. Any objections to the Disclosures made by the Parties under this Rule shall be made no later than August 30, 2019.

4.  Discovery:

Discovery shall be completed by August 9, 2019. The Parties, at this time, do not propose the modification of any of the Federal Rules or of the Local Rules of Civil Procedure regarding the scope and limitations on discovery. The Parties have agreed that they will not be required to provide a privilege log for any attorney-client communication generated after the filing of this action. The Parties anticipate the submission of a Stipulated Protective Order to govern the handling of any confidential matters/documents.

This is a complicated case and there is likely to be substantial discovery. Although every effort will be made by the Parties to resolve any discovery disputes which may arise in this matter, the Parties anticipate that there may be discovery disputes in this action which the Parties cannot resolve without Court intervention.

5.  Electronically Stored Information:

The Parties agree that electronically stored information, as requested in discovery or identified in pre-trial disclosures, may be produced either on paper or electronically, but will make every effort to produce it in its native format and will only not do so if such production is not cost effective or practical.

6. <u>Filing and Handling of Documents under Seal</u>:

The Parties do not anticipate that any filings will be made under seal in this case, but to the extent such becomes necessary, the Parties will comply with Local Civil Rule 5 in all such matters.

7. <u>Privilege or Protection as Trial Preparation Material</u>:

The Party responding to discovery shall provide a privilege log for all material for which a privilege is claimed subject to the exception noted in Paragraph 4 above. Inadvertent disclosure of privileged material shall not be deemed a waiver, pursuant to the following stipulations:

    a. Upon becoming aware of inadvertent disclosure of privileged material, the producing Party must promptly request the return of any document that is subject to a legitimate claim of privilege.

    b. Unless the requesting Party disputes the producing Party's claim of privilege, any documents that the producing Party deems to contain inadvertently disclosed privileged material shall be, upon written request, promptly returned to the producing Party or destroyed at the producing Party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing Party requests destruction, the requesting Party shall provide written certification of compliance within thirty (30) days of such written request.

    c. If the requesting Party disputes the producing Party's claim that the inadvertently produced documents are subject to a legitimate claim of privilege, a single set of copies may be sequestered and retained by and

        under the control of the requesting Party for the sole purpose of seeking court determination of the issue pursuant to Fed. R. Civ. P. 26(b)(5)(B).

    d.    Any privileged material that is inadvertently disclosed by the producing Party to the requesting Party shall be and remain the property of the producing Party, and there shall be no waiver of any applicable privilege unless and until this Court has so determined.

8.     <u>Trial by Magistrate Judge:</u>

The Parties do not consent to trial before a Magistrate Judge.

9.     <u>Settlement</u>:

Counsel for the parties are open to discussing settlement of this matter. Counsel will discuss settlement as discovery progresses and will contact the United States Magistrate Judge if they believe mediation would be fruitful.

10.     <u>Initial Pretrial Conference</u>:

The parties agree to waive the initial pretrial conference.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

Joseph W. Santini, Esq., Va. Bar # 47377
Lindsay A. Thompson, Va. Bar # 83175
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com
lathompson@dclawfirm.com

*Attorneys for Defendant Metropolitan Washington Airports Authority*

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.

/s/ Nina Y. Ren

James M. Eisenmann, Esq. (*pro hac vice*)
Nina Y. Ren, Va. Bar # 86434
818 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20006
202-331-9260
866-879-6171 (fax)
jeisenmann@kcnlaw.com
nren@kcnlaw.com

*Attorneys for Plaintiff Kenneth Pritchard*