**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| KENNETH PRITCHARD, <br><br>               Plaintiff, <br><br> v. <br><br> METROPOLITAN WASHINGTON AIRPORTS AUTHORITY <br><br>               Defendant. | Civil Action No. 1:18-cv-1432-AJT-TCB |

## DEFENDANT METROPOLITAN WASHINGTON AIRPORTS AUTHORITY'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Metropolitan Washington Airports Authority ("Airports Authority"), by counsel, and submits the following answer and just grounds of defense to the Plaintiff's Complaint.

In answer to the numbered paragraphs set forth in Plaintiff's Complaint, and using the same numbering system as contained within the Complaint, the Airports Authority responds as follows:

1.     Paragraph 1 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits that Plaintiff's action in this case is brought under 42 U.S.C. § 2000e, *et seq.*

2.     Paragraph 2 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority denies the allegations contained within Paragraph 2 and demands strict proof thereof.

## Jurisdiction and Venue

3.     Paragraph 3 contains legal conclusions and argument to which no response is

required.  To the extent a response is required, the Airports Authority admits that this Court has jurisdiction over this matter.

4.      Paragraph 4 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits that Plaintiff was employed in Arlington County, Virginia and that records related to his employment may be found in Arlington County, Virginia.  The Airports Authority further admits that this Court is a proper venue for this action.

5.      Paragraph 5 contains legal conclusions and argument to which no response is required.  To the extent a response is required, upon information and belief, the Airports Authority admits the allegations contained within Paragraph 5.

### Parties

6.      Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 6.

7.      The Airports Authority admits the allegations contained within Paragraph 7.

### Facts

#### *Plaintiff's Employment with Defendant*

8.      Paragraph 8 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits the allegations contained within Paragraph 8.

9.      Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 9.

10.     Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 10.

11.     Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 11.

12.     Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 12.

### Proposed Removal & Removal

13.     The Airports Authority admits that it, through its employee, Anthony J. Vegliante, proposed to terminate Plaintiff's employment on the date referenced after an investigation conducted by outside counsel substantiated allegations of Plaintiff's misconduct that had been made by another Airports Authority employee.

14.     The Airports Authority admits the allegations contained within Paragraph 14.

### Proceedings before the U.S. Equal Employment Opportunity Commission

15.     The Airports Authority admits the allegations contained within Paragraph 15.

16.     The Airports Authority admits the allegations contained within Paragraph 16.

17.     The Airports Authority admits the allegations contained within Paragraph 17.

18.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 18 and therefore denies same and demands strict proof thereof.

### Plaintiff's prior protected EEO activity

19.     The Airports Authority denies, as framed, the allegations contained within Paragraph 19 and demands strict proof thereof.

20.     The Airports Authority denies the allegations contained within Paragraph 20 and demands strict proof thereof.

21.     The Airports Authority admits the allegations contained within Paragraph 21.

22.     The Airports Authority denies the allegations contained within Paragraph 22 and

demands strict proof thereof.

23.     The Airports Authority denies, as framed, the allegations contained within Paragraph 23 and demands strict proof thereof.

    a.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23(a) and therefore denies same and demands strict proof thereof.  The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

    b.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23(b) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

    c.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23(c) and therefore denies same and demands strict proof thereof.  The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

    d.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23(d) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

    e.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23(e) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

f.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23(f) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

g.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23(g) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

24.   The Airports Authority denies as framed the allegations contained within Paragraph 24 and demands strict proof thereof.

a.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 24(a) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

b.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 24(b) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

c.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 24(c) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

d.   The Airports Authority lacks sufficient information to admit the allegations

contained within Paragraph 24(d) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

e.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 24(e) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

f.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 24(f) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

g.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 24(g) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

h.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 24(h) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

25.    The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 25 and therefore denies same and demands strict proof thereof.  The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

6

*Hostile Work Environment*

26.     The Airports Authority denies the allegations contained within Paragraph 26 and demands strict proof thereof.

27.     The Airports Authority denies the allegations contained within Paragraph 27 and demands strict proof thereof.

 a.   The Airports Authority denies the allegations contained within Paragraph 27(a) and demands strict proof thereof.

  i.   The Airports Authority denies the allegations contained within Paragraph 27(a)(i) and demands strict proof thereof.

  ii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(a)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

  iii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(a)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

  iv.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(a)(iv) and therefore denies

same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

v.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(a)(v) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

b.  The Airports Authority denies the allegations contained within Paragraph 27(b) and demands strict proof thereof.

i.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

ii.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-

8

discrimination law as alleged and demands strict proof thereof.

iii.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

iv.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(iv) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

v.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(v) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

vi.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(vi) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected

9

Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

vii.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(vii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

viii.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(viii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

ix.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(ix) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

x.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(x) and therefore denies same and demands strict proof thereof. The Airports Authority denies

10

that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

xi. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(xi) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

xii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(xii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

xiii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(xiii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

xiv. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(b)(xiv) and therefore denies

same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

c.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(c) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

d.  The Airports Authority denies the allegations contained within Paragraph 27(d) and demands strict proof thereof.

    i.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(d)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

    ii.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(d)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-

discrimination law as alleged and demands strict proof thereof.

   iii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(d)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

e. The Airports Authority denies the allegations contained within Paragraph 27(e) and demands strict proof thereof.

   i. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(e)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

   ii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(e)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

   iii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(e)(iii) and therefore denies

same and demands strict proof thereof. The Airports Authority denies
that it created a hostile work environment for Plaintiff or subjected
Plaintiff to same or that it violated Title VII or any other anti-
discrimination law as alleged and demands strict proof thereof.

f.  The Airports Authority denies the allegations contained within Paragraph
27(f) and demands strict proof thereof.

   i.   The Airports Authority lacks sufficient information to admit the
        allegations contained within Paragraph 27(f)(i) and therefore denies
        same and demands strict proof thereof. The Airports Authority denies
        that it created a hostile work environment for Plaintiff or subjected
        Plaintiff to same or that it violated Title VII or any other anti-
        discrimination law as alleged and demands strict proof thereof.

   ii.  The Airports Authority lacks sufficient information to admit the
        allegations contained within Paragraph 27(f)(ii) and therefore denies
        same and demands strict proof thereof. The Airports Authority denies
        that it created a hostile work environment for Plaintiff or subjected
        Plaintiff to same or that it violated Title VII or any other anti-
        discrimination law as alleged and demands strict proof thereof.

   iii. The Airports Authority lacks sufficient information to admit the
        allegations contained within Paragraph 27(f)(iii) and therefore denies
        same and demands strict proof thereof. The Airports Authority denies
        that it created a hostile work environment for Plaintiff or subjected
        Plaintiff to same or that it violated Title VII or any other anti-

discrimination law as alleged and demands strict proof thereof.

g.   The Airports Authority denies the allegations contained within Paragraph 27(g) and demands strict proof thereof.

h.   The Airports Authority denies the allegations contained within Paragraph 27(h) and demands strict proof thereof.

  i.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(h)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

  ii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(h)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

  iii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(h)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

15

iv.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(h)(iv) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

v.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(h)(v) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

vi.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(h)(vi) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

i.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict

proof thereof.

j.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(j) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

k.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(k) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

l.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(l) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

m.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(m) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated

Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.  The Airports Authority denies that it violated the FLSA in connection with Plaintiff's employment and demands strict proof thereof.

n.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(n) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof. The Airports Authority denies that it violated the FLSA in connection with Plaintiff's employment and demands strict proof thereof.

o.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(o) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

p.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(p) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

q.  The Airports Authority lacks sufficient information to admit the allegations

contained within Paragraph 27(q) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

r.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(r) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

s.   The Airports Authority admits that it placed Plaintiff on administrative leave in November 2016 pending the results of the investigation into Plaintiff's conduct after accusations were made by another Airports Authority employee. All remaining allegations contained within Paragraph 27(s) are denied as framed, and strict proof thereof is hereby demanded. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

t.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27(t) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same or that it violated

Title VII or any other anti-discrimination law as alleged and demands strict proof thereof.

28.     The Airports Authority denies the allegations contained within Paragraph 28 and demands strict proof thereof.

## COUNT I (Retaliation / Termination)

29.     The Airports Authority incorporates its above responses as if set forth in full herein.

30.     Paragraph 30 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits that Title VII, 42 U.S.C. § 2000e, *et seq.*, prohibits discrimination on the bases set forth in the statute.  The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged in the Complaint and demands strict proof thereof.

31.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 31 and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged in the Complaint and demands strict proof thereof.

32.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 32 and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged in the Complaint and demands strict proof thereof.

33.     The Airports Authority denies the allegations contained within Paragraph 33 and demands strict proof thereof.

34.     The Airports Authority denies the allegations contained within Paragraph 34 and

demands strict proof thereof.

35.     The Airports Authority denies the allegations contained within Paragraph 35 and demands strict proof thereof.

## COUNT II (Race and Sex Discrimination / Termination)

36.     The Airports Authority incorporates its above responses as if set forth in full herein.

37.     Paragraph 37 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits that Title VII, 42 U.S.C. § 2000e, *et seq.*, prohibits discrimination on the bases set forth in the statute.  The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged in the Complaint and demands strict proof thereof.

38.     The Airports Authority denies the allegations contained within Paragraph 38 and demands strict proof thereof.

39.     The Airports Authority admits the allegations contained within Paragraph 39.

40.     The Airports Authority denies the allegations contained within Paragraph 40 and demands strict proof thereof.

41.     The Airports Authority admits the allegations contained within Paragraph 41.

42.     The Airports Authority admits the allegations contained within Paragraph 42.

43.     The Airports Authority denies the allegations contained within Paragraph 43 and demands strict proof thereof.

44.     The Airports Authority denies, as framed, the allegations contained within Paragraph 44 and demands strict proof thereof.

45.     The Airports Authority denies, as framed, the allegations contained within

21

Paragraph 45 and demands strict proof thereof.

46.     The Airports Authority denies, as framed, the allegations contained within

Paragraph 46 and demands strict proof thereof.

47.     The Airports Authority denies the allegations contained within Paragraph 47 and

demands strict proof thereof.

48.     The Airports Authority denies the allegations contained within Paragraph 48 and

demands strict proof thereof.

## COUNT III (Retaliation / Hostile Work Environment)

49.     The Airports Authority incorporates its above responses as if set forth in full

herein.

50.     The Airports Authority denies the allegations contained within Paragraph 50 and

demands strict proof thereof.

51.     The Airports Authority denies the allegations contained within Paragraph 51 and

demands strict proof thereof.

52.     The Airports Authority denies the allegations contained within Paragraph 52 and

demands strict proof thereof.

53.     The Airports Authority denies the allegations contained within Paragraph 53 and

demands strict proof thereof.

54.     The Airports Authority denies the allegations contained within Paragraph 54 and

demands strict proof thereof.

55.     The Airports Authority denies the allegations contained within Paragraph 55 and

demands strict proof thereof.

56.     The Airports Authority denies the allegations contained within Paragraph 56 and

demands strict proof thereof.

57.     The Airports Authority denies the allegations contained within Paragraph 57 and demands strict proof thereof.

58.     The Airports Authority denies the allegations contained within Paragraph 58 and demands strict proof thereof.

## PRAYER FOR RELIEF

A - G.  The Airports Authority further denies all allegations contained within the Complaint not specifically admitted or otherwise Answered and denies that Plaintiff is entitled to the relief demanded in Paragraphs A through G of the Complaint, and demands strict proof thereof.

In addition to the above, the Airports Authority further pleads the following affirmative defenses:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Airports Authority denies that Plaintiff has been injured in the amount or to the extent alleged, or that it is liable to Plaintiff in any amount for any reason whatsoever.

## THIRD DEFENSE

The Airports Authority is not liable because no unlawful conduct occurred and there was no discriminatory intent in any of the alleged actions.

## FOURTH DEFENSE

The Airports Authority is not liable because there have been no adverse employment actions taken against Plaintiff.

## FIFTH DEFENSE

There is no official policy of discrimination, or pattern or practice of discrimination, in place at the Airports Authority.

## SIXTH DEFENSE

The Airports Authority has not impaired or interfered with any contractual rights of the Plaintiff.

## SEVENTH DEFENSE

The Airports Authority has not violated any of Plaintiff's Constitutional rights.

## EIGHTH DEFENSE

The Plaintiff cannot establish a prima facie case of discrimination, retaliation or hostile work environment.

## NINTH DEFENSE

The Plaintiff cannot establish that the stated reason for his termination was a pretext for unlawful discrimination.

## TENTH DEFENSE

The Airports Authority further denies each and every allegation of the Complaint not specifically admitted or otherwise answered, generally denies liability, denies that the Plaintiff has been injured and damaged as alleged, and reserves the right to amend this Answer if discovery reveals additional applicable defenses.

WHEREFORE, having fully answered, the Airports Authority prays that the Complaint be dismissed upon the merits and that it be awarded its costs.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

_____

Joseph W. Santini, Esq., Va. Bar # 47377
Lindsay A. Thompson, Va. Bar # 83175
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com
lathompson@dclawfirm.com

*Attorneys for Defendant Metropolitan Washington Airports Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 25th day of April 2019, I sent the above Answer to

Plaintiff's Complaint via the Court's electronic case filing system to:

James M. Eisenmann, Esq.
Nina Y. Ren, Esq.
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20006

/s/ Joseph W. Santini

_____

Joseph W. Santini

25