## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| KENNETH PRITCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-1432 (AJT/TCB) |
| | ) | |
| METROPOLITAN WASHINGTON | ) | |
| AIRPORTS AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

THIS MATTER comes before the Court on Plaintiff's Opposed Motion to Modify the Scheduling Order (Dkt. 28). Previously, on April 11, 2019, the Court denied Plaintiff's first request for an extension of time to complete discovery. (Dkt. 18.) Plaintiff once again seeks an extension of discovery by approximately two (2) months. (Dkt. 28 ¶ 11.) Defendant opposes the motion, arguing that "no good cause exists for extending the Scheduling Order deadlines at this time." (Dkt. 29 ¶ 8.) The Court agrees with Defendant.

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, a scheduling order may only be modified upon good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause shown."); E.D. Va. Loc. Civ. R. 16(b) ("The parties and their counsel are bound by the dates specified in any such orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause."). In determining whether good cause exists, courts may consider factors such as "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Roe v. Howard*, Civil Action No. 1:16-

cv-562, 2017 WL 3709088, at \*1 (E.D. Va. June 30, 2017) (quoting *Guerrero v. Deane*, No. 1:09CV1313 JCC/TRJ, 2012 WL 3068767, at \*2 (E.D. Va. July 27, 2012)).

Here, Plaintiff's proffered reasons for an extension do not rise to the level of good cause. Plaintiff argues that lead counsel's busy July travel schedule and recently filed Amended Complaint warrant a complete overhaul of the Scheduling Order deadlines. (Dkt. 28 ¶¶ 7-10.) First, Plaintiff's lead counsel knew of his July travel plans since at least early April. (Dkt. 17 ¶ 9.) Knowing the Court already denied a motion to extend discovery, in part, on the basis of counsel's travel plans, counsel should have worked diligently to make alternative arrangements. Second, while the Court only recently granted Plaintiff's Motion to Amend his Complaint, that is partly due to Plaintiff's failure to properly alert the Court that he sought leave to amend.[1] Additionally, Plaintiff did not move quickly to amend his Complaint, as he only filed his motion to amend approximately three (3) weeks after he exhausted his administrative remedies. (Dkt. 24 ¶ 10.) Finally, undermining the entirety of Plaintiff's request is his lackluster discovery effort thus far. For instance, Plaintiff did not serve any written discovery requests on Defendant until July 5, 2019, despite being able to propound discovery since March 26, 2019. (Dkt. 29 ¶ 5; Dkt. 12.) Also, as of July 17, 2019, Plaintiff has not noticed depositions for any of Defendant's witnesses. (Dkt. 29 ¶ 6.) On these facts, the Court cannot countenance granting the relief Plaintiff seeks.

This Court rarely grants extensions of discovery. When it does grant discovery extensions, it is often for discrete issues and almost always for a very limited amount of time. Here, Plaintiff seeks a nearly fifty (50) percent increase in the discovery period. Such a drastic request should be

---

1. While Plaintiff properly styled the motion itself, he failed to select the proper event upon filing the motion. The Notice of Electronic Filing ("NEF") accompanying the filed motion and the public docket displayed Plaintiff's motion simply as an "Amended Complaint," not as a motion. Plaintiff also failed to timely deliver courtesy copies of the motion as required by the Rule 16(b) Scheduling Order. *See* Dkt. 21 ¶ 11(a).

accompanied by more compelling reasons than Plaintiff offers and should come from a party that

has diligently pursued discovery, which Plaintiff failed to do. Accordingly, it is hereby

    ORDERED that Plaintiff's Opposed Motion to Modify the Scheduling Order (Dkt. 28) is

DENIED. The parties must complete discovery in this case by <u>Friday, August 9, 2019</u>.

    ENTERED this 18th day of July, 2019.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia