**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| KENNETH PRITCHARD, | |
| Plaintiff, | |
| v. | Civil Action No. 1:18-cv-1432-AJT-TCB |
| METROPOLITAN WASHINGTON AIRPORTS AUTHORITY | |
| Defendant. | |

## DEFENDANT METROPOLITAN WASHINGTON AIRPORTS AUTHORITY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Metropolitan Washington Airports Authority ("Airports Authority"), by counsel, and submits the following answer and just grounds of defense to Plaintiff's First Amended Complaint.

In answer to the numbered paragraphs set forth in Plaintiff's First Amended Complaint, and using the same numbering system as contained within the First Amended Complaint, the Airports Authority responds as follows:

1.      Paragraph 1 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits that Plaintiff's action in this case is brought under the statutes listed in Paragraph 1.

## Jurisdiction and Venue

2.      Paragraph 2 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits that this Court has jurisdiction over this matter.

3.      Paragraph 3 contains legal conclusions and argument to which no response is

required.  To the extent a response is required, the Airports Authority admits that Plaintiff was employed in Arlington County, Virginia and that records related to his employment may be found in Arlington County, Virginia.  The Airports Authority further admits that this Court is a proper venue for this action.

4.      Paragraph 4 contains legal conclusions and argument to which no response is required.  To the extent a response is required, upon information and belief, the Airports Authority admits the allegations contained within Paragraph 4.

## Parties

5.      Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 5.

6.      The Airports Authority admits the allegations contained within Paragraph 6 regarding the Airports Authority's status as an entity and admits that John E. Potter has served as President and Chief Executive for some of the time during the time period in which Plaintiff makes allegations and claims in this case. Certain allegations made within the First Amended Complaint took place prior to Mr. Potter's term as President and CEO, and for those allegations, the Airports Authority denies that Mr. Potter served as President and CEO, and demands strict proof thereof.

## Facts

### *Plaintiff's Employment with Defendant*

7.      Paragraph 7 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits the allegations contained within Paragraph 7.

8.      Upon information and belief, the Airports Authority admits the allegations

2

contained within Paragraph 8.

9.      Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 9.

10.     Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 10.

11.     Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 11.

*Proposed Removal & Removal*

12.     The Airports Authority admits that it, through its employee, Anthony J. Vegliante, proposed to terminate Plaintiff's employment on the date referenced after an investigation conducted by outside counsel substantiated allegations of Plaintiff's misconduct that had been made by another Airports Authority employee.

13.     The Airports Authority admits the allegations contained within Paragraph 13.

*Administrative Exhaustion before the U.S. Equal Employment Opportunity Commission and the Department of Transportation Office of the Inspector General*

14.     The Airports Authority admits the allegations contained within Paragraph 14.

15.     The Airports Authority admits the allegations contained within Paragraph 15.

16.     The Airports Authority lack sufficient information to admit the allegations contained within Paragraph 16, and therefore denies same and demands strict proof thereof.

17.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 17 and therefore denies same and demands strict proof thereof.

18.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 18 and therefore denies same and demands strict proof thereof.

19.     Upon information and belief, the Airports Authority admits the allegations contained within Paragraph 19.

**_Plaintiff's prior protected EEO activity and protected NDAA and ARRA disclosures_**

20.     The Airports Authority denies, as framed, the allegations contained within Paragraph 20 and demands strict proof thereof.

21.     The Airports Authority admits that it is involved in the construction of the metro rail to Dulles project and admits that it receives funding from a variety of sources for this project, including but not limited to, toll revenue from the Dulles Toll Road.  The Airports Authority lacks sufficient information at this time to admit the allegations regarding the specifics of grants, and thus denies same and demands strict proof thereof.

22.     The Airports Authority admits that it receives grant money for various projects, but lacks sufficient information at this time to admit the allegations regarding the specifics of grants, and thus denies same and demands strict proof thereof.

23.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 23 and therefore denies same and demands strict proof thereof.

24.     The Airports Authority admits the allegations contained within Paragraph 24.

25.     The Airports Authority denies the allegations contained within Paragraph 25 and demands strict proof thereof.

26.     The Airports Authority denies, as framed, the allegations contained within Paragraph 26 and demands strict proof thereof.

    a.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 26(a) and therefore denies same and demands strict proof thereof.  The Airports Authority denies that it violated Title VII,

      any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

b.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 26(b) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

c.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 26(c) and therefore denies same and demands strict proof thereof.  The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

d.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 26(d) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

e.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 26(e) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

f.   The Airports Authority lacks sufficient information to admit the allegations

5

contained within Paragraph 26(f) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

g.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 26(g) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

27.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 27 and therefore denies same and demands strict proof thereof.

28.     With respect to the audit's findings, the audit speaks for itself.  Regarding the remaining allegations contained within Paragraph 28, the Airports Authority lacks sufficient information to admit same and therefore denies the allegations and demands strict proof thereof.

29.     The Airports Authority denies the allegations contained within Paragraph 29 as framed, and demands strict proof thereof.

30.     The Airports Authority denies as framed the allegations contained within Paragraph 30 and demands strict proof thereof.

a.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(a) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

6

b.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(b) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

c.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(c) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

d.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(d) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

e.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(e) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

f.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(f) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII,

any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

g.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(g) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

h.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 30(h) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

31.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 31 and therefore denies same and demands strict proof thereof.  The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

32.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 32 and therefore denies same and demands strict proof thereof.  The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

33.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 33 and therefore denies same and demands strict proof thereof.

34.   The Airports Authority lacks sufficient information to admit the allegations

contained within Paragraph 34 and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

35.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 35 and therefore denies same and demands strict proof thereof.

   a.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 35(a) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

   b.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 35(b) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

   c.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 35(c) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

   d.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 35(d) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII,

any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

e.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 35(e) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

36.   With respect to the audit's findings, the audit speaks for itself.  Regarding the remaining allegations contained within Paragraph 36, the Airports Authority lacks sufficient information to admit same and therefore denies the allegations and demands strict proof thereof.

### *Hostile Work Environment and Retaliation*

37.   The Airports Authority denies the allegations contained within Paragraph 37 and demands strict proof thereof.

38.   The Airports Authority denies the allegations contained within Paragraph 38 and demands strict proof thereof.

a.   The Airports Authority denies the allegations contained within Paragraph 38(a) and demands strict proof thereof.

i.   The Airports Authority denies the allegations contained within Paragraph 38(a)(i) and demands strict proof thereof.

ii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(a)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected

Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

iii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(a)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

iv.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(a)(iv) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

v.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(a)(v) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as

11

alleged and demands strict proof thereof.

b.   The Airports Authority denies the allegations contained within Paragraph 38(b) and demands strict proof thereof.

    i.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

    ii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

    iii.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as

alleged and demands strict proof thereof.

iv.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(iv) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

v.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(v) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

vi.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(vi) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

vii.   The Airports Authority lacks sufficient information to admit the

allegations contained within Paragraph 38(b)(vii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

viii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(viii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

ix. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(ix) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

x. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(x) and therefore denies same and demands strict proof thereof. The Airports Authority denies

14

that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

xi.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(xi) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

xii.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(xii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

xiii.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(xiii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated

Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

xiv.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(b)(xiv) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

c.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(c) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

d.  The Airports Authority denies the allegations contained within Paragraph 38(d) and demands strict proof thereof.

i.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(d)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as

16

alleged and demands strict proof thereof.

ii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(d)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

iii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(d)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

e. The Airports Authority denies the allegations contained within Paragraph 38(e) and demands strict proof thereof.

i. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(e)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as

17

alleged and demands strict proof thereof.

ii.   The Airports Authority lacks sufficient information to admit the
allegations contained within Paragraph 38(e)(ii) and therefore denies
same and demands strict proof thereof. The Airports Authority denies
that it created a hostile work environment for Plaintiff or subjected
Plaintiff to same, that it retaliated against Plaintiff, or that it violated
Title VII, any other anti-discrimination law, or the NDAA or ARRA as
alleged and demands strict proof thereof.

iii.  The Airports Authority lacks sufficient information to admit the
allegations contained within Paragraph 38(e)(iii) and therefore denies
same and demands strict proof thereof. The Airports Authority denies
that it created a hostile work environment for Plaintiff or subjected
Plaintiff to same, that it retaliated against Plaintiff, or that it violated
Title VII, any other anti-discrimination law, or the NDAA or ARRA as
alleged and demands strict proof thereof.

f.   The Airports Authority denies the allegations contained within Paragraph
38(f) and demands strict proof thereof.

i.   The Airports Authority lacks sufficient information to admit the
allegations contained within Paragraph 38(f)(i) and therefore denies
same and demands strict proof thereof. The Airports Authority denies
that it created a hostile work environment for Plaintiff or subjected
Plaintiff to same, that it retaliated against Plaintiff, or that it violated
Title VII, any other anti-discrimination law, or the NDAA or ARRA as

18

alleged and demands strict proof thereof.

ii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(f)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

iii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(f)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

g. The Airports Authority denies the allegations contained within Paragraph 38(g) and demands strict proof thereof.

h. The Airports Authority denies the allegations contained within Paragraph 38(h) and demands strict proof thereof.

i. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(h)(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected

Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

ii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(h)(ii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

iii. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(h)(iii) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

iv. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(h)(iv) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as

alleged and demands strict proof thereof.

    v. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(h)(v) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

    vi. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(h)(vi) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

i. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(i) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

j. The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(j) and therefore denies same and demands

strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

k.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(k) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

l.   The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(l) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

m.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(m) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

n.   The Airports Authority lacks sufficient information to admit the allegations

contained within Paragraph 38(n) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof. The Airports Authority denies that it violated the FLSA in connection with Plaintiff's employment and demands strict proof thereof.

o.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(o) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

p.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(p) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

q.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(q) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated

against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

r.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(r) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

s.  The Airports Authority admits that it placed Plaintiff on administrative leave in November 2016 pending the results of the investigation into Plaintiff's conduct after accusations were made by another Airports Authority employee. All remaining allegations contained within Paragraph 38(s) are denied as framed, and strict proof thereof is hereby demanded. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

t.  The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 38(t) and therefore denies same and demands strict proof thereof. The Airports Authority denies that it created a hostile work environment for Plaintiff or subjected Plaintiff to same, that it retaliated against Plaintiff, or that it violated Title VII, any other anti-discrimination law, or the NDAA or ARRA as alleged and demands strict proof thereof.

39.     The Airports Authority denies the allegations contained within Paragraph 39 and demands strict proof thereof.

### COUNT I (Retaliation / Termination)

40.     The Airports Authority incorporates its above responses as if set forth in full herein.

41.     Paragraph 41 contains legal conclusions and argument to which no response is required.  To the extent a response is required, the Airports Authority admits that Title VII, 42 U.S.C. § 2000e, *et seq.*, prohibits discrimination on the bases set forth in the statute.  The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged in the Complaint and demands strict proof thereof.

42.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 42 and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged in the Complaint and demands strict proof thereof.

43.     The Airports Authority lacks sufficient information to admit the allegations contained within Paragraph 43 and therefore denies same and demands strict proof thereof. The Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged in the Complaint and demands strict proof thereof.

44.     The Airports Authority denies the allegations contained within Paragraph 44 and demands strict proof thereof.

45.     The Airports Authority denies the allegations contained within Paragraph 45 and demands strict proof thereof.

46.     The Airports Authority denies the allegations contained within Paragraph 46 and

25

demands strict proof thereof.

## COUNT II (Race and Sex Discrimination / Termination)

47.     The Airports Authority incorporates its above responses as if set forth in full
herein.

48.     Paragraph 48 contains legal conclusions and argument to which no response is
required.  To the extent a response is required, the Airports Authority admits that Title VII, 42
U.S.C. § 2000e, *et seq.*, prohibits discrimination on the bases set forth in the statute.  The
Airports Authority denies that it violated Title VII or any other anti-discrimination law as alleged
in the Complaint and demands strict proof thereof.

49.     The Airports Authority denies the allegations contained within Paragraph 49 and
demands strict proof thereof.

50.     The Airports Authority admits the allegations contained within Paragraph 50.

51.     The Airports Authority denies the allegations contained within Paragraph 51 and
demands strict proof thereof.

52.     The Airports Authority admits the allegations contained within Paragraph 52.

53.     The Airports Authority admits the allegations contained within Paragraph 53.

54.     The Airports Authority denies the allegations contained within Paragraph 54 and
demands strict proof thereof.

55.     The Airports Authority denies, as framed, the allegations contained within
Paragraph 55 and demands strict proof thereof.

56.     The Airports Authority denies, as framed, the allegations contained within
Paragraph 56 and demands strict proof thereof.

57.     The Airports Authority denies, as framed, the allegations contained within

Paragraph 57 and demands strict proof thereof.

58.     The Airports Authority denies the allegations contained within Paragraph 58 and demands strict proof thereof.

59.     The Airports Authority denies the allegations contained within Paragraph 59 and demands strict proof thereof.

## COUNT III (Retaliation / Hostile Work Environment)

60.     The Airports Authority incorporates its above responses as if set forth in full herein.

61.     The Airports Authority denies the allegations contained within Paragraph 61 and demands strict proof thereof.

62.     The Airports Authority denies the allegations contained within Paragraph 62 and demands strict proof thereof.

63.     The Airports Authority denies the allegations contained within Paragraph 63 and demands strict proof thereof.

64.     The Airports Authority denies the allegations contained within Paragraph 64 and demands strict proof thereof.

65.     The Airports Authority denies the allegations contained within Paragraph 65 and demands strict proof thereof.

66.     The Airports Authority denies the allegations contained within Paragraph 66 and demands strict proof thereof.

67.     The Airports Authority denies the allegations contained within Paragraph 67 and demands strict proof thereof.

68.     The Airports Authority denies the allegations contained within Paragraph 68 and

demands strict proof thereof.

69.     The Airports Authority denies the allegations contained within Paragraph 69 and demands strict proof thereof.

## COUNT IV (Termination in Violation of the National Defense Authorization Act for Fiscal Year 2013 and the American Recovery and Reinvestment Act)

70.     The Airports Authority incorporates its above responses as if set forth in full herein.

71.     The Airports Authority denies the allegations contained within Paragraph 71 and demands strict proof thereof.

72.     The Airports Authority denies the allegations contained within Paragraph 72 and demands strict proof thereof.

73.     The Airports Authority denies the allegations contained within Paragraph 73 and demands strict proof thereof.

74.     The Airports Authority denies the allegations contained within Paragraph 74 and demands strict proof thereof.

75.     The Airports Authority denies the allegations contained within Paragraph 75 and demands strict proof thereof.

## COUNT V (Hostile Work Environment in Violation of the National Defense Authorization Act for Fiscal Year 2013 and the American Recovery and Reinvestment Act)

76.     The Airports Authority incorporates its above responses as if set forth in full herein.

77.     The Airports Authority denies the allegations contained within Paragraph 77 and demands strict proof thereof.

78.     The Airports Authority denies the allegations contained within Paragraph 78 and

demands strict proof thereof.

79.    The Airports Authority denies the allegations contained within Paragraph 79 and demands strict proof thereof.

80.    The Airports Authority denies the allegations contained within Paragraph 80 and demands strict proof thereof.

81.    The Airports Authority denies the allegations contained within Paragraph 81 and demands strict proof thereof.

## PRAYER FOR RELIEF

A - G.  The Airports Authority further denies all allegations contained within the First Amended Complaint not specifically admitted or otherwise Answered and denies that Plaintiff is entitled to the relief demanded in Paragraphs A through G of the First Amended Complaint, and demands strict proof thereof.

In addition to the above, the Airports Authority further pleads the following affirmative defenses:

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Airports Authority denies that Plaintiff has been injured in the amount or to the extent alleged, or that it is liable to Plaintiff in any amount for any reason whatsoever.

## THIRD DEFENSE

The Airports Authority is not liable because no unlawful conduct occurred and there was no discriminatory intent in any of the alleged actions.

## FOURTH DEFENSE

The Airports Authority is not liable because there have been no adverse employment actions taken against Plaintiff.

## FIFTH DEFENSE

There is no official policy of discrimination, or pattern or practice of discrimination, in place at the Airports Authority.

## SIXTH DEFENSE

The Airports Authority has not impaired or interfered with any contractual rights of the Plaintiff.

## SEVENTH DEFENSE

The Airports Authority has not violated any of Plaintiff's Constitutional rights.

## EIGHTH DEFENSE

The Plaintiff cannot establish a prima facie case of discrimination, retaliation or hostile work environment or violation of statute.

## NINTH DEFENSE

The Plaintiff cannot establish that the stated reason for his termination was a pretext for unlawful discrimination or retaliation.

## TENTH DEFENSE

The Airports Authority is not subject to an award of punitive damages due to its status as a municipal corporation for these purposes, or under the statutes allegedly violated in this case.

## ELEVENTH DEFENSE

The Airports Authority further denies each and every allegation of the First Amended Complaint not specifically admitted or otherwise answered, generally denies liability, denies that

the Plaintiff has been injured and damaged as alleged, and reserves the right to amend this

Answer if discovery reveals additional applicable defenses.

WHEREFORE, having fully answered, the Airports Authority prays that the First

Amended Complaint be dismissed upon the merits and that it be awarded its costs.

Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

_____

Joseph W. Santini, Esq., Va. Bar # 47377
Lindsay A. Thompson, Va. Bar # 83175
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com
lathompson@dclawfirm.com

*Attorneys for Defendant Metropolitan Washington
Airports Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 26th day of July 2019, I sent the above Answer to

Plaintiff's First Amended Complaint via the Court's electronic case filing system to:

James M. Eisenmann, Esq.
Nina Y. Ren, Esq.
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20006

/s/ Joseph W. Santini

_____

Joseph W. Santini

31