**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| KENNETH PRITCHARD,<br><br>       Plaintiff,<br><br>v.<br><br>METROPOLITAN WASHINGTON<br>AIRPORTS AUTHORITY<br><br>       Defendant. | Civil Action No. 1:18-cv-1432-AJT-TCB |

## DEFENDANT METROPOLITAN WASHINGTON AIRPORTS AUTHORITY'S OBJECTIONS TO PLAINTIFF'S RULE 26(a)(3) WITNESS AND EXHIBIT LISTS

Defendant Metropolitan Washington Airports Authority ("Airports Authority"), by counsel, hereby files the following Objections to Plaintiff's Rule 26(a)(3) Witness (Doc. 47) and Exhibit Lists (Doc. 50), and using the same numbering system therein, states as follows:

## General Objection to Witnesses and Exhibits

The Airports Authority generally objects to all witness testimony and exhibits that refer or relate to allegations that are not temporally or causally related to the Plaintiff's termination in February 2017. Additionally, the Airports Authority objects, for those reasons set forth in its Motion in Limine, to any testimony or evidence that refers or relates to alleged discrimination, retaliation or hostile work environment which occurred prior to May 2013, the date Anthony Vegliante was hired as V.P. of Human Resources; to any evidence regarding the DOT OIG investigation or related to Pritchard's alleged involvement of same of with the FBI; and to any evidence regarding the alleged comparators (Williams, Lockhart, Baker and Ellis) in this case.

**Specific Objections:**

**Witnesses**

**Expected to be Called at Trial:**

8.      Peter Delate – Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

12.      Elmer Tippett – Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

13.      Joseph Kalet - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

14.      Naomi Klaus - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

15.      Brian Leuck - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

16.      David Poland - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

17.     Marcelene Wesley - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

18.     Mackensie Ryan - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

19.     Teri (Vogliardo) Mounts - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.  Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

20.     Lonnie Robinson - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

21.     Dennis Ocampo - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

22.     Ron Engler - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

23.     Barbara Barnet - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

24.     Special Agent Angela Ryan - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.  Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

25.     Frank R. Wolf, Sr. - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection on the bases that this witness's testimony involves the DOT OIG investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if relevant, expected testimony is more prejudicial than probative.

4

26.     Debbie Williams - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

28.     Sharon Breighner - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

29.     Patricia E. Steven - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

**May Call if Need Arises:**

32.     Kenneth F. Graff - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection is made on the bases that this witness was not disclosed in discovery.

34.     Christopher U. Browne - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

37.     Lisa Robinson-McCray - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

39.     Melissa Waller - Objection on the bases that this witness's testimony is based

upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

Additional objection to the extent that this witness's testimony relates to untimely allegations

contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

40.     Patti Lehman - Objection on the bases that this witness's testimony is based upon

hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

Additional objection on the bases that this witness's testimony involves the DOT OIG

investigation conducted prior to Anthony Vegliante's hiring, and is thus irrelevant.  Even if

relevant, expected testimony is more prejudicial than probative.

41.     Richard Golinowski - Objection on the bases that this witness's testimony is

based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert

witness.

42.     E. Fred Seitz, Jr. - Objection on the bases that this witness's testimony is based

upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

Additional objection to the extent that this witness's testimony relates to untimely allegations

contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

43.     Robert Blackwell - Objection on the bases that this witness's testimony is based

upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

Additional objection to the extent that this witness's testimony relates to untimely allegations

contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

44.     Brian Esworthy - Objection on the bases that this witness's testimony is based

upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.

Additional objection to the extent that this witness's testimony relates to untimely allegations

contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

45.     Alesia Javins - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

46.     Sandra Jackson - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

47.     Gina Medsker - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

48.     Michael Giardina - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

49.     Janet Carpenter - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

50.     Dennis Michael Dayton - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness.  Additional objection to the extent that this witness's testimony relates to untimely

allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

51.     Steve Settle - Objection on the bases that this witness's testimony is based upon hearsay, speculation and lack of foundation, and seeks opinion from a non-expert witness. Additional objection to the extent that this witness's testimony relates to untimely allegations contained within the Complaint (*see* Motion in Limine) and is thus irrelevent.

### Exhibits

**Expected to be Presented at Trial:**

3.     1/11/17 letter re: litigation hold - Objection on the bases of relevance and hearsay.

4.     1/13/17 letter re: litigation hold - Objection on the bases of relevance and hearsay.

6.     Pete Delate complaint - Objection on the bases of relevance and hearsay; more prejudicial than probative.

7.     Peter Delate termination letter - Objection on the bases of relevance and hearsay; more prejudicial than probative.

8.     June – July 2013 Monthly Report - Objection on the bases of relevance and hearsay.

9.     5/29/13 email - Objection on the bases of relevance; more prejudicial than probative.

10.     6/27/13 email - Objection on the bases of relevance; more prejudicial than probative.

11.     11/8/12 letter - Objection on the bases of relevance; more prejudicial than probative.

12.     4/2/13 email - Objection on the bases of relevance; more prejudicial than probative.

13.     9/24/13 presentation - Objection on the bases of relevance; more prejudicial than probative.

14.     7/26/12 memo - Objection on the bases of relevance; more prejudicial than probative.

15.     4/30/10 memo - Objection on the bases of relevance; more prejudicial than probative.

16.     10/28/10 memo - Objection on the bases of relevance; more prejudicial than probative.

17.     Spreadsheet - Objection on the bases of relevance; more prejudicial than probative.

18.     1/31/11 note - Objection on the bases of relevance; more prejudicial than probative.

19.     2/7/11  memo - Objection on the bases of relevance; more prejudicial than probative.

20.     4/17/12 memo - Objection on the bases of relevance; more prejudicial than probative.

21.     6/24/12 email - Objection on the bases of relevance; more prejudicial than probative.

22.     Pritchard complaints - Objection on the bases of relevance; more prejudicial than probative.

23.     6/29/12 email Objection on the bases of relevance; more prejudicial than probative.

24.     6/29/12 report - Objection on the bases of relevance; more prejudicial than

probative.

25.     10/11/11 report - Objection on the bases of relevance; more prejudicial than probative.

28.     2/2/17 response to termination letter - Objection on the bases of relevance; more prejudicial than probative.

29 – 35.     Various voicemails - Objection on the bases of relevance; more prejudicial than probative.

36.     Voicemail transcript - Objection on the bases of relevance; more prejudicial than probative.

37 – 39.     Photos - Objection on the bases of relevance; more prejudicial than probative.

40.     NDAA Complaint and exhibits - Objection on the bases of relevance; more prejudicial than probative.

43.     Pritchard's 7/10/18 EEOC rebuttal - Objection on the bases of relevance; more prejudicial than probative.

44.     10/7/10 email - Objection on the bases of relevance; more prejudicial than probative.

45.     HumRo emails - Objection on the bases of relevance and hearsay; more prejudicial than probative.

46.     Breighner exit interview materials – Objection on the bases of relevance and hearsay; more prejudicial than probative; and on the bases that these are confidential documents which were wrongfully removed by Pritchard from MWAA.

47.     Steven pre-departure materials - Objection on the bases of relevance and hearsay;

10

more prejudicial than probative; and on the bases that these are confidential documents which were wrongfully removed by Pritchard from MWAA.

48.     Ingarra-Endicott materials - Objection on the bases of relevance and hearsay; more prejudicial than probative; and on the bases that these are confidential documents which were wrongfully removed by Pritchard from MWAA.

49.     Graff exit interview materials - Objection on the bases of relevance and hearsay; more prejudicial than probative; and on the bases that these are confidential documents which were wrongfully removed by Pritchard from MWAA.

51.     April-May 2013 report - Objection on the basis of relevance.

52.     Pritchard email - Objection on the bases of relevance; more prejudicial than probative.

53.     Monthly report with notes - Objection on the bases of relevance; more prejudicial than probative.

54.     5/29/13 emails - Objection on the bases of relevance; more prejudicial than probative.

55.     5/30/13 emails - Objection on the bases of relevance; more prejudicial than probative.

56.     Endicott email - Objection on the bases of relevance; more prejudicial than probative.

57.     Meeting invitation - Objection on the bases of relevance; more prejudicial than probative.

58.     Salary write-up - Objection on the bases of relevance; more prejudicial than probative.

59.     Email dated 6/28/13 - Objection on the bases of relevance; more prejudicial than probative.

60.     Emails, 8/9/13 - Objection on the bases of relevance; more prejudicial than probative.

61.     Emails - Objection on the bases of relevance; more prejudicial than probative.

62.     Certificate and emails 2012 and 2013 - Objection on the bases of relevance; more prejudicial than probative.

63.     Emails - Objection on the bases of relevance; more prejudicial than probative.

64.     8/31/12 emails - Objection on the bases of relevance; more prejudicial than probative.

65.     6/9/11 emails - Objection on the bases of relevance; more prejudicial than probative.

66.     Endicott emails - Objection on the bases of relevance; more prejudicial than probative.

67.     Memo, 4/17/12 - Objection on the bases of relevance; more prejudicial than probative.

68.     Chart pack, 8/9/12 and 9/14/12 - Objection on the bases of relevance; more prejudicial than probative.

69.     Page with 23 names - Objection on the bases of relevance; more prejudicial than probative.

70.     Spreadsheet, 8/9/12 - Objection on the bases of relevance; more prejudicial than probative.

71.     Notes and emails re: 8/9/12 meeting - Objection on the bases of relevance; more

prejudicial than probative.

72.     Email, 8/25/12 - Objection on the bases of relevance; more prejudicial than probative.

73.     Reserved - Objection on the basis there is no exhibit identified.

74.     Email, 9/6/12 - Objection on the bases of relevance; more prejudicial than probative.

75.     Email, 9/8/12 - Objection on the bases of relevance; more prejudicial than probative.

76.     Email, 9/1/12 - Objection on the bases of relevance; more prejudicial than probative.

77.     Email, 4/18/13 - Objection on the bases of relevance; more prejudicial than probative.

78.     5 page paper, 4/19/13 - Objection on the bases of relevance; more prejudicial than probative.

79.     Email, 9/6/12 - Objection on the bases of relevance; more prejudicial than probative.

80.     Email, 9/15/12 - Objection on the bases of relevance; more prejudicial than probative.

81.     Memo, 1/25/13 - Objection on the bases of relevance; more prejudicial than probative.

82.     Email, 7/28/12 - Objection on the bases of relevance; more prejudicial than probative.

83.     Email, 8/2/12 - Objection on the bases of relevance; more prejudicial than

probative.

84.      PE-15 re: George Ellis - Objection on the bases of relevance and hearsay; more prejudicial than probative; and on the basis that this is a confidential document which was wrongfully removed by Pritchard from MWAA.

85.      Email, 9/15/12 - Objection on the bases of relevance; more prejudicial than probative.

86.      2/15/13 PPT - Objection on the bases of relevance; more prejudicial than probative.

87.      Documents re: payments - Objection on the bases of relevance; more prejudicial than probative.

88.      6/11/12 email - Objection on the bases of relevance; more prejudicial than probative.

89.      Reserved - Objection on the basis there is no exhibit identified.

90 - 92.        Notes of Management Forums - Objection on the bases of relevance, hearsay.

93.      Job descriptions - Objection on the basis of relevance.

94.      Email, 8/6/13 - Objection on the bases of relevance; more prejudicial than probative.

95.      10/11/12 email - Objection on the bases of relevance; more prejudicial than probative.

96.      6/21/12 email - Objection on the bases of relevance; more prejudicial than probative.

97.      2/15/13 email - Objection on the bases of relevance; more prejudicial than

14

probative.

98.     April 2008 spreadsheet - Objection on the bases of relevance; more prejudicial than probative.

99.     2/29/11 PPT presentation to Wolf - Objection on the bases of relevance; more prejudicial than probative.

100.     Submission to DOT OIG - Objection on the bases of relevance; more prejudicial than probative.

102.     Pritchard's notes - Objection on the bases of relevance; more prejudicial than probative.

103.     Relocation agreement - Objection on the bases of relevance; more prejudicial than probative.

104.     Pritchard's notes - Objection on the bases of relevance; more prejudicial than probative.

105.     Email, 4/2/13 - Objection on the bases of relevance; more prejudicial than probative.

106.     Email, 8/6/10 - Objection on the bases of relevance; more prejudicial than probative.

107.     Reimbursement request - Objection on the bases of relevance; more prejudicial than probative.

108.     Email, 8/16/10 - Objection on the bases of relevance; more prejudicial than probative.

109.     Email, 10/7/10 - Objection on the bases of relevance; more prejudicial than probative.

110.     Emails, May 2011 - Objection on the bases of relevance; more prejudicial than probative.

111.     Emails, May and June 2011 - Objection on the bases of relevance; more prejudicial than probative.

112.     Email, 6/9/11 - Objection on the bases of relevance; more prejudicial than probative.

113.     Email, 5/11/11 - Objection on the bases of relevance; more prejudicial than probative.

114.     Emails and notes, 2011 - Objection on the bases of relevance; more prejudicial than probative.

115.     Emails, 10/26/11 - Objection on the bases of relevance; more prejudicial than probative.

116.     Endicott notes - Objection on the bases of relevance; more prejudicial than probative.

117.     Report to DOT OIG - Objection on the bases of relevance; more prejudicial than probative.

118.     Emails, 4/12/12 - Objection on the bases of relevance; more prejudicial than probative.

119.     4/20/12 emails - Objection on the bases of relevance; more prejudicial than probative.

120.     Emails, 5/14/12 - Objection on the bases of relevance; more prejudicial than probative.

121.     6/11/2 email - Objection on the bases of relevance; more prejudicial than

16

probative.

122.    6/20/12 and 6/28/12 meeting info - Objection on the bases of relevance; more prejudicial than probative.

123.    6/20/12 Reorg package - Objection on the bases of relevance; more prejudicial than probative.

124.    6/21/12 memo and emails - Objection on the bases of relevance; more prejudicial than probative.

125.    6/24 and 6/25/12 emails - Objection on the bases of relevance; more prejudicial than probative.

126.    6/26/12 emails - Objection on the bases of relevance; more prejudicial than probative.

127.    Emails, 7/3/12 - Objection on the bases of relevance; more prejudicial than probative.

128.    7/2/12 PPT presentation - Objection on the bases of relevance; more prejudicial than probative.

129.    7/5/12 email - Objection on the bases of relevance; more prejudicial than probative.

130.    7/18/12 emails - Objection on the bases of relevance; more prejudicial than probative.

131.    7/13/12 emails - Objection on the bases of relevance; more prejudicial than probative.

132.    Emails, 7/17/12 - Objection on the bases of relevance; more prejudicial than probative.

17

133.     Emails, 8/8/12 - Objection on the bases of relevance; more prejudicial than probative.

134.     7/20/12 notes - Objection on the bases of relevance; more prejudicial than probative.

135.     Emails, 7/24/12 - Objection on the bases of relevance; more prejudicial than probative.

136.     Emails, 7/24/12 - Objection on the bases of relevance; more prejudicial than probative.

137.     Emails, 8/2/12 - Objection on the bases of relevance; more prejudicial than probative.

138.     PE-15 for Jennifer Howard - Objection on the bases of relevance and hearsay; more prejudicial than probative; and on the basis that this is a confidential document which was wrongfully removed by Pritchard from MWAA.

139.     Emails, 8/15/12 - Objection on the bases of relevance; more prejudicial than probative.

140.     Emails, 8/21/12 - Objection on the bases of relevance; more prejudicial than probative.

141.     Notes, 8/24/12 - Objection on the bases of relevance; more prejudicial than probative.

142.     8/22/12 - Objection on the bases of relevance; more prejudicial than probative.

143.     8/25/12, emails - Objection on the bases of relevance; more prejudicial than probative.

144.     Emails, 9/5/12 - Objection on the bases of relevance; more prejudicial than

probative.

145. PPT presentation, 9/7/12 - Objection on the bases of relevance; more prejudicial than probative.

146. Emails, 9/7/12 - Objection on the bases of relevance; more prejudicial than probative.

147. Email, 9/18/12 - Objection on the bases of relevance; more prejudicial than probative.

148. Email, 9/22/12 - Objection on the bases of relevance; more prejudicial than probative.

149. Emails, 10/16/12 - Objection on the bases of relevance; more prejudicial than probative.

150. Notes, 2/21/14 - Objection on the bases of relevance; more prejudicial than probative.

151. Various documents - Objection on the bases of relevance; more prejudicial than probative.

152. Trip report – Objection on the bases of relevance, hearsay.

153. Kletzkin letter - Objection on the bases of relevance, hearsay.

154. Notes, 12/30/16 - Objection on the bases of relevance, hearsay.

155. Notes, 5/12/14 - Objection on the bases of relevance, hearsay.

156. Email and attachment, 6/28/13 – Objection on the basis of relevance.

157. Pritchard publication list - Objection on the basis of relevance.

158. Pritchard military publication list - Objection on the basis of relevance.

159. Pritchard SHRM letter - Objection on the bases of relevance, hearsay.

19

160.    Pritchard email - Objection on the basis of relevance, hearsay.

161.    VP vacancy - Objection on the basis of relevance.

162.    Email, 8/25/12 - Objection on the bases of relevance; more prejudicial than probative.

163.    Notes, 4/28/13 - Objection on the bases of relevance; more prejudicial than probative.

164.    Email, 9/17/13 - Objection on the basis of relevance.

165.    Emails 1/22/14 - Objection on the basis of relevance.

166.    Timelines, March 2014 - Objection on the bases of relevance; more prejudicial than probative.

167.    Meeting notes, 7/24/14 - Objection on the bases of relevance, hearsay; more prejudicial than probative.

168.    Email, 9/26/16 - Objection on the basis of relevance.

169.    Emails, 11/2/15 - Objection on the basis of relevance.

170.    Email, 1/27/16 - Objection on the basis of relevance.

171.    Emails, 2/4/16 - Objection on the basis of relevance.

172.    Email, 8/24/16 - Objection on the basis of relevance.

173.    Email, 9/13/16 - Objection on the basis of relevance.

174.    Email, 11/1/16 - Objection on the basis of relevance.

175.    Email, 11/9/16 - Objection on the basis of relevance.

176.    Emails - Objection on the basis of relevance.

177.    Email, 11/22/16 - Objection on the basis of relevance.

178.    Just Noticeable Difference paper - Objection on the basis of relevance.

179.   Meeting notes, 8/29/13 - Objection on the bases of relevance, hearsay.

180.   Meeting notes, 8/7/14 - Objection on the bases of relevance, hearsay.

181.   Meeting notes, 9/15 - Objection on the bases of relevance, hearsay.

182.   Meeting notes, 2/4/16 - Objection on the bases of relevance, hearsay.

183.   Meeting notes, 6/9/16 - Objection on the bases of relevance, hearsay.

184.   Brian Levchuk convenience file - Objection on the bases of relevance and hearsay; and on the basis that this is a confidential document which was wrongfully removed by Pritchard from MWAA.

185.   Meeting notes - Objection on the bases of relevance, hearsay.

186.   Emails, 5/28/15 - Objection on the basis of relevance.

187.   Emails, 5/13/15 - Objection on the basis of relevance.

188.   Emails, 2/3/16 - Objection on the basis of relevance.

189.   Reserved – Objection on the basis that this exhibit is not identified.

190.   Emails, 4/8/16 - Objection on the basis of relevance.

191.   Emails, 6/4/16 - Objection on the basis of relevance.

192.   Emails, 6/4/16 - Objection on the basis of relevance.

193.   Email 10/10/12 - Objection on the bases of relevance; more prejudicial than probative.

194.   Emails 11/2/12 - Objection on the bases of relevance; more prejudicial than probative.

195.   Emails, 11/6/12 - Objection on the bases of relevance; more prejudicial than probative.

196.   Emails, 10/22/14 - Objection on the bases of relevance; more prejudicial than

probative.

197.    Email, 10/23/15 - Objection on the basis of relevance.

198.    Email, 8/6/16 - Objection on the basis of relevance.

200.    Emails, 7/22/14 - Objection on the basis of relevance.

201.    Emails, 6/8/16 - Objection on the basis of relevance.

202.    Meeting notes, 8/29/13 - Objection on the bases of relevance, hearsay.

203.    Meeting notes, 5/15/14 - Objection on the bases of relevance, hearsay.

204.    Meeting notes, 7/24/14 - Objection on the bases of relevance, hearsay.

205.    Meeting notes, 9/4/14 - Objection on the bases of relevance, hearsay.

206.    Emails, 5/16/16 - Objection on the basis of relevance.

207.    Meeting notes, 10/31/14 - Objection on the bases of relevance, hearsay.

208.    Emails, 2/10/16 - Objection on the basis of relevance.

209.    Emails, 11/17/16 - Objection on the basis of relevance.

210.    Emails, 7/5/16 - Objection on the basis of relevance.

211.    Emails, 7/13/16 - Objection on the basis of relevance.

212.    Emails, 8/4/16 - Objection on the basis of relevance.

213.    Emails, 8/18/16 - Objection on the basis of relevance.

214.    Emails, 8/29/16 - Objection on the basis of relevance.

215.    Email, 11/22/16 - Objection on the basis of relevance.

216.    Email and attachment, 5/16/16 - Objection on the basis of relevance.

217.    Meeting notes, 6/30/16 - Objection on the bases of relevance, hearsay.

218.    Emails, 8/15/16 - Objection on the basis of relevance.

219.    Meeting notes, 8/15/13 - Objection on the bases of relevance, hearsay.

220.    Meeting notes, 7/31/14 - Objection on the bases of relevance, hearsay.

221.    Meeting notes, 4/2/15 - Objection on the bases of relevance, hearsay.

222.    Meeting notes, 3/17/16 - Objection on the bases of relevance, hearsay.

223.    Meeting notes, 3/24/16 - Objection on the bases of relevance, hearsay.

224.    Meeting notes, 10/23/12 - Objection on the bases of relevance, hearsay.

225.    Wash. Post article, 8/19/18 - Objection on the bases of relevance, hearsay, more prejudicial than probative.

226.    Wash. Post article, 9/9/19 - Objection on the bases of relevance, hearsay, more prejudicial than probative.

227.    Emails, 11/17/16 - Objection on the basis of relevance.

228.    Reserved – Objection on the basis that there is no exhibit identified.

229.    Email and attachment, 11/4/16 - Objection on the basis of relevance.

230.    Emails and attachments, 7/12/16 - Objection on the basis of relevance.

231.    Emails, 7/15/16 - Objection on the basis of relevance.

232.    Email, 3/9/16 - Objection on the basis of relevance.

233.    Memo, 2/19/15 - Objection on the basis of relevance.

234.    Manning contract and documents, 10/19/11 - Objection on the bases of relevance, hearsay, more prejudicial than probative.

235.    Meeting notes, 11/19/15 - Objection on the bases of relevance, hearsay.

236.    On Good Authority, 10/28/16 - Objection on the basis of relevance.

237.    Performance evaluation docs - Objection on the basis of relevance.

238.    Notes - Objection on the bases of relevance, hearsay.

**May Be Offered Should Need Arise:**

239 – 243.       Deposition transcripts – Objection except for impeachment.


Respectfully Submitted,

FRIEDLANDER MISLER, PLLC

/s/ Joseph W. Santini

_____

Joseph W. Santini, Esq., Va. Bar # 47377
Lindsay A. Thompson, Va. Bar # 83175
5335 Wisconsin Ave., NW, Suite 600
Washington, DC 20015
202-872-0800
202-857-8343 (fax)
jsantini@dclawfirm.com
lathompson@dclawfirm.com

*Attorneys for Defendant Metropolitan Washington Airports Authority*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 20th day of September 2019, I sent the above

Objections to Plaintiff's Rule 26(a)(3) Witness and Exhibit Lists via the Court's ECF system, to:

Richard Renner, Esq.
James M. Eisenmann, Esq.
Nina Y. Ren, Esq.
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave., NW, Suite 1000
Washington, D.C. 20006

/s/ Joseph W. Santini

_____

Joseph W. Santini