**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **KENNETH PRITCHARD,**<br><br>  Plaintiff,<br><br>  v.<br><br>**METROPOLITAN WASHINGTON AIRPORTS AUTHORITY.**<br><br>  Defendant. | Civil Action No.  1:18-cv-1432-AJT-TCB |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

Ken Pritchard, the plaintiff, objects to the following exhibits listed by the defendant in Docket Entry 49, pp. 2-4, branch B ("Documents/Exhibits that may be offered should the need arise"): 2-8, 10-14, 48, 49, 52, and 54-55.

Pritchard objects to the witness affidavits listed as Exhibits 2-8 and 10-14 on grounds that they are hearsay. Fed. R. Evid. 802.

Pritchard objects to the EEOC no cause finding, Exhibit 48, on grounds of relevance, hearsay, unfair prejudice, and confusing the issues. Fed. R. Evid. 402, 403 and 802. The jury's consideration of the merits of Pritchard's Title VII retaliation claim is *de novo*. Introduction of the EEOC no cause determination would be confusing to the jury as it could lead jurors to believe that they should defer to the EEOC rather than make their own determinations. An EEOC's no cause determination is different from an EEOC's finding of probable cause in that a probably cause finding is the result of an investigation and an official consideration of the evidence. Here, the EEOC no cause determination reflects a decision not to conduct an investigation based on the Commission's limited resources and priorities. A jury might find it

1

difficult to evaluate independently evidence of retaliation after being informed of the investigating agency's final results. See *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). Under Fourth Circuit law, the exclusion of the EEOC determination would not be an abuse of discretion. *See Cox v. Babcock & Wilcox Co.,* 471 F.2d 13, 15 (4th Cir.1972) (rejecting admissibility of EEOC investigative report); *United States v. MacDonald,* 688 F.2d 224, 230 (4th Cir.1982) (noting that evaluative public records may suffer from an undue risk of prejudice, and may "undermine the exclusive province of the jury."); *Stetter v. Shalala*, 13 F. App'x 79, 86 (4th Cir. 2001).

Pritchard objects to evidence of MWAA's actions against other employees, Exhibits 49, 52 and 54-55, on grounds of relevance, unfair prejudice, and confusing the issues. Defendant has not shown that these documents were timely produced in discovery. In particular, defendant's failure to produce them before the August 6, 2019, deposition of Morris Kletzkin (MWAA's outside counsel who conducted an investigation) and the August 7, 2019, deposition of Tony Vegliante (MWAA's VP of HR) deprived Pritchard of the ability to depose the key witnesses about these documents. Moreover, these documents are not about MWAA actions involving Pritchard, but instead constitute cherry picked counter-examples that create an undue risk of generating mini-trials on non-relevant MWAA actions.

Respectfully submitted,

*/s/ Nina Ren*_____
Nina Ren, Esq. (VSB No. 86434)
Email: nren@kcnlaw.com
Richard R. Renner, Esq. (appearing pro hac vice)
James M. Eisenmann, Esq. (appearing pro hac vice)
Email: jeisenmann@kcnlaw.com
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
Direct Dial: 202-558-5968
Office: 202-331-9260
Facsimile: 1-866-879-6171
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Joseph W. Santini, Esq. (jsantini@dclawfirm.com)
> Lindsay Allaire Thompson (lathompson@dclawfirm.com)
> Friedlander Misler, PLLC
> 5335 Wisconsin Avenue, NW, Suite 600
> Washington, D.C. 20015
>
> ***Counsel for the Defendant***

*/s/ Nina Ren*_____
Nina Ren