

**FRIEDLANDER MISLER**
─────── Established 1964 ───────→

A T T O R N E Y S  A T  L A W
5335 WISCONSIN AVENUE, NW
SUITE 600
WASHINGTON, DC 20015-2045

TEL 202 872 0800
FAX 202 857.8343
www.dclawfirm.com

Morris Kletzkin
mkletzkin@dclawfirm.com

January 13, 2017

Richard R. Renner, Esq.
Kalijarvi, Chuzi, Newman & Fitch, PC
1901 L Street, NW, #610
Washington, DC 20036

Dear Mr. Renner:

I have your email correspondence dated January 11, 2017.

As to Mr. Pritchard's first demand, that "records" be preserved and that Mr. Pritchard has "employment claims," it is impossible for Metropolitan Washington Airports Authority ("Airports Authority"), to reasonably preserve records where it has no idea what Mr. Pritchard's employment claims may be.

The litigation hold demand is overbroad, extreme, and does not warrant a point-by-point response. The Airports Authority will attempt to fashion an appropriate litigation hold and we ask that you cooperate in that regard by identifying Mr. Pritchard's employment claims such that we can fashion a proportional and reasonable response to your request to preserve evidence.

As to your demand that the Airports Authority maintain in perpetuity the contents of Mr. Pritchard's workspace, including the office suite hallway adjacent to your client's immediate office, the same is impossible. Your client is well aware that the Corporate Office Building, the site of your client's current office, will shortly be emptied and demolished. However, prior to this move, the contents of Mr. Pritchard's office will be inspected and retained, or destroyed. In the course of this inspection, any personal documents of your client will be separated and returned to him.

The Airports Authority demands the return from Mr. Pritchard of all Airports Authority property, principally but not exclusively, in the form of documents, both electronic and paper, taken and held by your client, Mr. Pritchard.

During Mr. Pritchard's employment with the Airports Authority, he was routinely observed removing voluminous amounts of documents from his office and transporting them to his private vehicle. In addition, the Airports Authority is aware that Mr. Pritchard routinely transferred electronically-stored information (ESI) to his private email. These actions were not authorized and were not related to the performance of his duties. The Airports Authority demands that Mr. Pritchard return these documents, both electronic and hard copy, to the Airports Authority. The Airports Authority demands the return of the paper copies and a flash drive or other media containing the emails and



EXHIBIT 4
Pritchard v. MWAA
BOX 13 - 00378

## FRIEDLANDER MISLER
Established 1964

2 | Page
January 13, 2017

attachments of Airports Authority documents sent by Mr. Pritchard to his private email address. We would appreciate if you would provide us with the electronic media and an inventory of paper records by January 24, 2017.

With regard to the return of Mr. Pritchard's personal property, your client may retrieve his personal property from his office at 7:30 p.m. on January 23, 2017. At that time, Mr. Pritchard will be allowed up to an hour to retrieve his personal property. Personal property means any memorabilia, artwork, knickknacks, photos, clothing, medications or food stored in his office. The Airports Authority will now endeavor to review the documents in Mr. Pritchard's office, and all those documents identified as personal will be delivered to him on January 23, 2017. Mr. Pritchard may park in the visitors' parking for the Corporate Office Building and will be met outside the lobby at 7:30 p.m. and allowed into the building.

We look forward to receiving from you the electronic records and the inventory regarding paper documents by January 24, 2017. Please confirm that Mr. Pritchard will be available on January 23, 2017, to retrieve his personal property from his office.

Sincerely yours,

FRIEDLANDER MISLER, PLLC

By: _____
Morris Kletzkin

MK:fm

Pritchard v. MWAA
BOX 13 - 00379